PER CURIAM.
Cornelius Sellers appeals the summary denial of his “motion to correct sentence to conform to verbal pronouncement.” Although the motion raises, at most, scrivener error, we believe it was properly *332 brought under Florida Rule of Criminal Procedure 3.800(a). See, e.g., Brown v. State, 566 So.2d 71 (Fla. 2d DCA 1990).
Sellers states that in 1982 he was charged with three separate offenses. He entered a plea to aggravated battery, in return for which the remaining charges were dropped. However, records from both circuit court and the Department of Corrections continue to show three convictions. The trial court’s order fails to refute these allegations.
After remand the trial court should reexamine the files and records and determine whether anything therein conclusively refutes Sellers’s claim. If Sellers’s court documents erroneously reflect surplus convictions, those documents should be corrected. However, if it appears instead that Sellers is simply mistaken about what he pled to, he is not entitled to relief. Such a claim more properly would be brought under rule 3.850, and in this instance would be barred by the two-year limitations period imposed by that rule.
Reversed.
SCHOONOVER, C.J., and DANAHY and PATTERSON, JJ., concur.