659 So.2d 461 (1995)
George William HIGGINBOTHAM, Appellant,
v.
STATE of Florida, Appellee.
No. 95-1556.
District Court of Appeal of Florida, Fifth District.
August 18, 1995.
James B. Gibson, Public Defender, and J. Randall Moore, Asst. Public Defender, Rockledge, for appellant.
George William Higginbotham, Malone, pro se.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Steven Guardiano, Asst. Atty. Gen., Daytona Beach, for appellee.
PER CURIAM.
George William Higginbotham appeals the summary denial of his motion to correct an illegal sentence filed pursuant to rule 3.800(a) of the Florida Rules of Criminal Procedure. *462 On appeal, Higginbotham contends that the trial court's oral pronouncement does not conform with the written sentence. We have jurisdiction. Sellers v. State, 591 So.2d 331 (Fla. 2d DCA 1992); see also White v. State, 624 So.2d 811 (Fla. 3d DCA 1993).
On the face of the record, a discrepancy exists between the oral pronouncement and the written sentence. In the context of the entire plea and sentencing hearing, it appears that the discrepancy is the result of a scrivener's error. Accordingly, the order denying Higginbotham's rule 3.800(a) motion is reversed and remanded for the trial court to resolve the discrepancy between the oral pronouncement and the written order. Marchand v. State, 546 So.2d 1184 (Fla. 5th DCA 1989); Wilkins v. State, 543 So.2d 800 (Fla. 5th DCA), review denied, 554 So.2d 1170 (Fla. 1989).
JUDGMENT AFFIRMED; SENTENCE VACATED and REMANDED.
DAUKSCH, COBB and THOMPSON, JJ., concur.