W. SHARP, Judge.
Beaudry appeals from the sentences he received after being convicted of two counts of aggravated assault on a law enforcement officer with a deadly weapon,[1] and one count of grand theft of a motor vehicle.[2] The trial court orally announced Beaudry would be sentenced to prison for 120 months for one of the assault counts, with three years on probation for each of the other counts, concurrent with each other. However, the written sentence imposed was 127 months.
The state concedes that the oral pronouncement and written sentence do not conform to one another. Additionally, the state points out that the order of probation indicated that the prison sentence is to be served for the grand theft count, rather than the aggravated assault count. We cannot reconcile these disparities. •
Accordingly, we remand this cause to the trial court in order to clarify and conform the order of probation and the oral sentence announced with the written ones. See Major v. State, 652 So.2d 513 (Fla. 4th DCA 1995); Moore v. State, 623 So.2d 795 (Fla. 1st DCA 1993); Gould v. State, 675 So.2d 259 (Fla. 5th. *1202 DCA 1996); Higginbotham v. State, 659 So.2d 461 (Fla. 5th DCA 1995); Marchand v. State, 546 So.2d 1184 (Fla. 5th DCA 1989); Wilkins v. State, 543 So.2d 800 (Fla. 5th DCA), rev. denied, 554 So,2d 1170 (Fla.1989).
REMAND to correct sentences.
COBB and GOSHORN, JJ., concur.

. §§ 784.021(1)(a), 784.07(2)(c), Fla. Stat. (1995).

. § 812.014(2)(c)6, Fla. Stat. (1995).