698 So.2d 266 (1997)
Cynthia Ann DAWSON/KNAPP, Appellant,
v.
STATE of Florida, Appellee.
No. 96-03632.
District Court of Appeal of Florida, Second District.
March 21, 1997.
Rehearing Denied May 29, 1997.
PER CURIAM.
Cynthia Knapp challenges the trial court's denial of her motion to correct an illegal sentence. On May 18, 1992, the trial court sentenced Knapp in four cases. The transcript of the sentencing hearing discloses that the trial court structured Knapp's sentences so that she received a total of twentytwo years in prison in the first two cases. The transcript further reflects that she was sentenced to five years' imprisonment on each count in the remaining two cases. The sentences in the latter cases were to run concurrently with each other and concurrently with the sentences imposed in the first two cases. Knapp alleges that the sentencing documents in case number 86-14764 indicate she was sentenced to five years on each count to run consecutively to her initial sentences rather that concurrently. She asserts that the trial court's oral pronouncement contemplated a concurrent sentence in case number 86-14764. The trial court's order denying Knapp's motion to correct an illegal sentence does not respond to this issue, nor did the trial court attach any document in case number 86-14764 reflecting the May 18, 1992, sentencing.
Accordingly, we reverse and remand for the trial court to consider the merits of the contention raised in Knapp's motion. See Williams v. State, 676 So.2d 11 (Fla. 2d DCA 1996); Sellers v. State, 591 So.2d 331 (Fla. 2d DCA 1992). If the trial court determines that it is without merit, it must attach those portions of the record that refute Knapp's claim of failure to follow the trial court's oral sentencing pronouncement.
FRANK, A.C.J., and PATTERSON, J., concur.
PARKER, J., dissents with opinion.
PARKER, Judge, dissenting.
I respectfully dissent. Knapp appeared before the trial court in 1992, admitted violating her probation on seventeen felony charges, and pleaded guilty to a new grand theft charge. The trial court imposed a guidelines sentence of twenty-two years in prison. Knapp filed this motion in 1996 to challenge these sentences. Her motion was filed pursuant to Florida Rule of Criminal Procedure 3.800 and alleges her sentences are illegal.
The supreme court has concluded that a sentence is illegal "if the sentence exceeds the maximum allowed by law." King v. State, 681 So.2d 1136, 1140 (Fla.1996). See also Davis v. State, 661 So.2d 1193 (Fla. 1995). In reviewing Knapp's motion to correct an illegal sentence, the majority opinion relies upon two of this court's opinions, Williams v. State, 676 So.2d 11 (Fla. 2d DCA 1996), and Sellers v. State, 591 So.2d 331 (Fla. 2d DCA 1992). In Williams, this court reviewed a motion filed pursuant to rule 3.800 and reversed and remanded the case with directions to the trial court to review the record and determine whether there was a discrepancy between the trial court's oral pronouncement and the written sentences. Based upon the definition of an illegal sentence found in King and Davis, I conclude that Williams was incorrectly decided. In Sellers, the defendant's allegation was that, following a plea bargain agreement to plea to one felony, his circuit court documents erroneously reflected two surplus convictions which were to have been dismissed. I agree that a judgment and sentence contained in the court file which reflects crimes that the prosecution and trial court agreed to dismiss would constitute an illegal sentence. Any judgment and sentence in a court file for which no charge remains pending would be illegal.
*267 None of Knapp's individual sentences exceeded the statutory maximums allowed by law. Further, the sentences did not exceed the sentencing guidelines. In my opinion Knapp failed to seek the appropriate appellate avenues she had available to her on a timely basis. Knapp could have filed a timely appeal or could have filed a motion pursuant to Florida Rule of Criminal Procedure 3.850 within two years of the time her cases became final in the trial court. She did neither. I conclude that Knapp's sentence is not an illegal sentence as defined in King and Davis. Therefore, I would affirm the trial court.