778 So.2d 429 (2001)
Timothy T. THOMAS, Appellant,
v.
STATE of Florida, Appellee.
No. 5D00-3746.
District Court of Appeal of Florida, Fifth District.
February 2, 2001.
*430 Timothy T. Thomas, Daytona Beach, pro se.
No Appearance for Appellee.
PLEUS, J.
Thomas appeals the summary denial of his Rule 3.800(a) Motion to Correct Sentence. On August 23, 1996, the defendant was sentenced as an habitual offender on three counts. On Count I, he was sentenced to 40 years incarceration for armed robbery with a firearm or deadly weapon. On Count II, he was sentenced to 30 years incarceration for aggravated battery. On Count III, he was sentenced to 40 years incarceration for armed carjacking with a firearm or deadly weapon.
Thereafter, the defendant raised two arguments in his Rule 3.800(a) motion. First, he claimed that the habitual offender statute is unconstitutional. Whether a sentencing statute is constitutional cannot be raised for the first time in a Rule 3.800(a) motion. This type of issue, which seeks a change in the law, must be raised at sentencing and then on direct appeal. Rule 3.800(a) is limited to correcting sentences which are patently illegal on the face of the record.
The defendant's second argument is that, although the written sentences show that he was sentenced as an habitual felony offender, the adjudication was not orally pronounced when sentence was imposed. The record shows that the state presented evidence that the defendant qualified as an habitual violent felony offender. The court announced immediately prior to imposing sentence, "First of all, I declare him to be an habitual violent offender." It is clear in the transcript that the court intended to sentence the defendant as an habitual violent offender as to each offense. However, the written sentences only designate that the defendant is an habitual offender, and not an habitual violent offender. The proof required for these separate classifications varies, and the oral and written inconsistency is apparent on the face of the record. Cf. Chico v. State, 734 So.2d 519 (Fla. 5th DCA 1999) (where alleged error was not apparent on the face of the sentencing documents, relief was properly denied). Although the written sentences likely contain only a scrivener's error, the sentences show an adjudication for an habitual offender classification not pronounced or supported by the state's proffer of evidence at sentencing. Cf. Sanchez v. State, 647 So.2d 975 (Fla. 5th DCA 1994) (if illegal sentence is brought to court's attention, it should be corrected even if it is unlikely to affect the amount of time defendant will be incarcerated).
The order denying relief is reversed for the limited purpose of resolving the discrepancy between the oral pronouncement and the written sentence. See Higginbotham v. State, 659 So.2d 461 (Fla. 5th DCA 1995).
ORDER REVERSED IN PART; REMANDED.
SAWAYA and PALMER, JJ., concur.