PER CURIAM.
Sylvester Johnson challenges the trial court’s summary denial of his postconviction motion. Johnson’s motion included claims filed under Florida Rule of Criminal Procedure 3.850 that his trial counsel was ineffective and also included claims filed under rule 3.800(a) that his sentence was illegal. The trial court denied Johnson’s claims of ineffective assistance of counsel on the ground that they were successive. We affirm the denial of all but one of Johnson’s claims.
Among his ineffective assistance of counsel claims, Johnson included a claim that the written sentence did not conform to the oral pronouncement of the trial court.[1] This claim is cognizable in a rule 3.800(a) proceeding. Dawson/Knapp v. State, 698 So.2d 266 (Fla. 2d DCA 1997). The trial court did not address this issue on the merits as it did Johnson’s other 3.800(a) claims, but denied it as successive. Previously unheard claims filed pursuant to rule 3.850 may be denied as successive. Zeigler v. State, 632 So.2d 48 (Fla.1993). However, rule 3.800(a) does not prohibit the filing of successive motions, although “a defendant is not entitled to successive review of a specific issue which has already been decided.” Brazell v. State, 770 So.2d 189 (Fla. 2d DCA 2000). We therefore reverse and remand for further proceedings on this claim.
Affirmed in part, reversed in part, and remanded for further proceedings.
PARKER, A.C.J., and ALTENBERND and SALCINES, JJ., concur.

. Johnson titled this claim "Issue 20 or 21.”