PER CURIAM.
In 1996, Timothy Thomas was convicted and sentenced on charges of armed robbery (with a firearm or deadly weapon), aggravated battery, and armed carjacking (with a firearm or deadly weapon). The State sought to have Thomas sentenced as a habitual violent felony offender (“HVFO”) and the trial court orally pronounced that it was designating Thomas as an HVFO at sentencing. However, the sentencing documents erroneously stated that Thomas had been sentenced as an habitual felony offender (“HFO”). We previously addressed this issue, and remanded for correction of the sentencing documents to reflect the HVFO designation orally pronounced. Thomas v. State, 778 So.2d 429 (Fla. 5th DCA 2001). On remand, however, the trial court retained the erroneous HFO designation. In 2013, Thomas again sought relief pursuant to Florida Rule of Criminal Procedure 3.800. On October 23, 2013, the trial court ordered the sentencing documents be corrected to reflect the HVFO designation but also added discretionary HVFO minimum mandatory sentences that had never before been imposed. Thomas correctly argues that this belated increase in his sentences violates double jeopardy principles. See, e.g., Ashley v. State, 850 So.2d 1265, 1267 (Fla.2003) (“Once a sentence has been imposed and the person begins to serve the sentence, that sentence may not be increased without running afoul of double jeopardy principles.”) (citations omitted).
*524 Accordingly, we reverse the portion of the trial court’s order that added minimum mandatory terms to Thomas’ sentences, and remand with directions that the trial court strike the minimum mandatory sentences. We affirm in all other respects.
REVERSED IN PART, AFFIRMED IN PART; REMANDED WITH DIRECTIONS.
LAWSON, EVANDER and COHEN, JJ., concur.