705 So.2d 1032 (1998)
Billy WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 97-03905.
District Court of Appeal of Florida, Second District.
February 11, 1998.
FRANK, Judge.
Billy Williams appeals the denial of his motion to correct sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). The trial court denied the motion, finding that challenges to the appropriate credit for time served are not cognizable in such a proceeding. We affirm.
Williams was sentenced to prison followed by probation. After he violated probation, the court imposed a new prison sentence, and *1033 the issue he raised in his motion concerns credit for time spent earlier in prison on this newly imposed sentence. The trial court denied relief, reasoning that attacks on a trial court's determination of credit for time served may only be raised collaterally in a motion filed pursuant to Florida Rule of Criminal Procedure 3.850, citing Ramos v. State, 697 So.2d 231 (Fla. 5th DCA 1997), and Brown v. State, 700 So.2d 393 (Fla. 1st DCA 1997). Reliance on the foregoing cases, however, overlooks Swyck v. State, 693 So.2d 618 (Fla. 2d DCA), review granted, 699 So.2d 1376 (Fla.1997), in which this court acknowledged conflict with three district courts of appeal adhering to the results in the cases cited by the trial judge.
Williams suggests in his motion that the sentencing court orally granted him credit for his earlier prison time but failed to enter a written order to that effect. The motion demands that the written order conform to the oral pronouncement. See Garcia v. State, 666 So.2d 245 (Fla. 2d DCA 1996). A determination of the substance of the oral pronouncement will generally not be of record, but will require the transcription of the proceedings. Accordingly, the trial court correctly determined that this matter may only be resolved by resort to rule 3.850. See Thomas v. State, 611 So.2d 600 (Fla. 2d DCA 1993).
Affirmed.
CAMPBELL, A.C.J., and FULMER, J., concur.