734 So.2d 519 (1999)
Luis Esteban CHICO, Appellant,
v.
STATE of Florida, Appellee.
No. 99-743.
District Court of Appeal of Florida, Fifth District.
May 21, 1999.
Luis Esteban Chico, Lake City, pro se.
No Appearance for Appellee.
PER CURIAM.
Luis Esteban Chico appeals the order entered by the trial court summarily denying his pro se and unsworn "Petition for Nunc Pro Tunc," which in substance appears to be an unsworn motion to correct his sentence. See Fla. R.Crim. P. 3.800(a). We affirm.
*520 In his motion Mr. Chico alleged that, upon violation of his probation, the trial court resentenced him to a term of 7 years' imprisonment and orally granted him credit for the 4½ years he had served on his original sentence. However, upon entering DOC custody, he was allegedly informed that the 4½ year credit "orally assured by both the judge and the state attorney" was void.
Mr. Chico requested the trial court to grant him "specific performance," asking the court "to stand by the orally pronounced sentence [he] was originally given." The trial court correctly denied this claim for postconviction relief.
It may well be that Mr. Chico's written sentence does not accurately reflect the trial court's oral disposition. However, such a claim of error is not cognizable pursuant to a rule 3.800(a) proceeding because the alleged error is not apparent on the face of the sentencing documents. See State v. Mancino, 714 So.2d 429, 433 (Fla. 1998). Instead, such an error must be raised on direct appeal.
We note that Mr. Chico's allegations might support a claim that his plea was involuntarily made. See Fla. R.Crim. P. 3.850. Accordingly, we affirm without prejudice so that Mr. Chico may file a sworn rule 3.850 motion. However, we observe that the two-year time period for filing a rule 3.850 motion might have already elapsed since Mr. Chico alleges that he was resentenced in March 1997.
AFFIRMED.
HARRIS, THOMPSON and ANTOON, JJ. concur.