790 So.2d 1175 (2001)
Jack L. WATTS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-1206.
District Court of Appeal of Florida, Second District.
July 18, 2001.
SILBERMAN, Judge.
Jack L. Watts appeals the trial court's summary denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Watts alleged that upon resentencing in 1994, the trial court ordered the sentences in his Hillsborough County case (case number 90-18964) to run concurrently with the sentences in his Pinellas County case (case number 90-19252). Watts further claimed that he is, in fact, serving the sentences in the two cases consecutively to each other. The trial court denied the motion because the resentencing order was silent as to the Pinellas County case. The *1176 trial court attached a copy of the resentencing order to the order denying the motion to correct sentence; however, the trial court failed to attach a copy of the sentencing transcript or copies of any of the sentencing documents. As a result, we must reverse.
Watts' motion was inartfully drafted but made an allegation that the written sentence does not comport with the oral pronouncement. Such a claim is cognizable in a rule 3.800(a) proceeding. See Dawson/Knapp v. State, 698 So.2d 266 (Fla. 2d DCA 1997). The trial court did not review whether the written sentence conformed to the oral pronouncement but merely reviewed and attached the previous resentencing order. On remand the trial court shall review the record and determine whether there is a discrepancy between the oral pronouncement by the resentencing judge and the written sentencing order. If such a discrepancy exists, the written sentencing documents must be corrected to conform to the oral pronouncement. See Williams v. State, 744 So.2d 1156 (Fla. 2d DCA 1999). If the trial court determines that there is no discrepancy and again denies Watts' claim, it shall attach those portions of the record which conclusively refute his allegation.
Reversed and remanded.
THREADGILL, A.C.J., and GREEN, J., Concur.