PALMER, J.
Andre Pittman appeals the trial court’s order summarily denying his motion seeking post-conviction relief. See Fla. R.Crim.P. 3.850. Pittman’s motion raised eighteen claims of error, one of which was afforded an evidentiary hearing. We affirm the trial court’s denial of relief on all grounds except grounds 16 and 18. As to those two grounds, we vacate the trial court’s order and remand for further proceedings thereon.
Pittman alleged in ground 16 of his motion that his trial counsel was ineffective for failing to object when the prosecutor played on familial sympathy by telling the jury that they should find Pittman guilty for the sake of their grandchildren. Pittman alleged in ground 18 of his motion that his trial counsel was ineffective for failing to object to the prosecutor’s closing argument since he referred to “they” in describing the assailants who perpetrated the robbery, when the evidence that was presented during trial only alluded to a single perpetrator. In summarily denying these claims for post-conviction relief, the trial court did not attach any documents to support its rulings and the record before us does not contain a transcript of Pittman’s trial for our independent review. Thus, this court is unable to determine whether Pittman’s claims of ineffective assistance of counsel are refuted by the record. Accordingly, as to these two grounds, we vacate the trial court’s order and remand the matter with instructions for the trial court to either attach documents which support its ruling or to hold an evidentiary hearing if there is insuffi- *1258 dent evidence in the record to refute the claims. See Moye v. State, 773 So.2d 1277 (Fla. 5th DCA 2000).
AFFIRMED in part, VACATED in part, and cause REMANDED with instructions.
THOMPSON, C.J., and SHARP, W., J., concur.