851 So.2d 829 (2003)
Richard HOOD, Appellant,
v.
STATE of Florida, Appellee.
No. 1D03-0669.
District Court of Appeal of Florida, First District.
July 31, 2003.
Appellant, pro se.
Charlie Crist, Attorney General, and Elizabeth Fletcher Duffy, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
The appellant challenges the trial court's denial of his motion to correct his illegal *830 sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a), which alleged that his sentence of imprisonment for violation of probation in case number 93-1274 is illegal because the trial court had not previously orally pronounced a term of probation in that case. Because the appellant's sentence violates double jeopardy, we reverse.
On March 14, 1995, the appellant was sentenced to five years' imprisonment on count one to be followed by five years' probation on counts two and three in case number 93-1274. On March 2, 1998, the appellant violated his probation on counts two and three in case number 93-1274 and in various other cases. At the sentencing hearing, the trial court orally pronounced the following sentence:
the Court will adjudicate you, Mr. Hood, guilty on all counts and place you in the department of corrections for a period of five years on each of the felony counts to run concurrently, followed by  excuse me, not on all of them, but let's say five years in the department of corrections in all counts of 93-1274, that case, followed by five years of probation on each of the other felony counts, third degree felony counts, to run concurrently. So five years in the department of corrections on all counts, running concurrently, in 93-1274, and all of the remaining felony counts will be probation for five years following the prison sentence.
Thus, the trial court sentenced the appellant to five years' imprisonment on all counts in case number 93-1274 and to five years' probation on all other counts in all other cases. However, the appellant's written judgment and sentence stated that he was sentenced to five years' imprisonment followed by five years' probation on count one and to five years' probation with 262 days of jail credit on count two in case number 93-1274. The appellant completed his term of incarceration, but he violated his probation. On March 22, 2001, the appellant's probation was revoked and he was sentenced to another five years' imprisonment on case number 93-1274. The appellant now alleges that his March 22, 2001, sentence in case number 93-1274 violates double jeopardy because he had completed his sentence when he completed his term of incarceration.
Double jeopardy claims are cognizable under rule 3.800(a) when such errors are apparent on the record. See Hopping v. State, 708 So.2d 263, 265 (Fla. 1998); Jackson v. State, 650 So.2d 1026, 1027-28 (Fla. 1st DCA 1995); Valdes v. State, 765 So.2d 774, 776 (Fla. 1st DCA 2000). The appellant is correct that he cannot receive an additional sentence after fully satisfying his original sentence. Once the appellant's 1998 sentence to five years of incarceration was orally imposed, the trial court could not change it for a more onerous sentence, and the trial court's oral pronouncement controlled over the written sentence. See Ashley v. State, 850 So.2d 1265 (Fla.2003). Because the appellant was orally resentenced only to prison in case number 93-1274, the written judgment adding a term of probation was legally void. Consequently, the appellant could not be sentenced to a term of imprisonment for violating a term of probation that was never imposed.
We therefore reverse the trial court's summary denial of the appellant's motion to correct his illegal sentence and remand for the trial court to vacate the appellant's sentence in case number 93-1274.
REVERSED and REMANDED.
KAHN, WEBSTER and POLSTON, JJ., concur.