859 So.2d 555 (2003)
Andre' PITTMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 5D03-2912.
District Court of Appeal of Florida, Fifth District.
November 21, 2003.
*556 Andre' Pittman, Jasper, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Mary G. Jolley, Assistant Attorney General, Daytona Beach, for Appellee.
PETERSON, J.
Andre Pittman appeals the trial court's denial of his motion pursuant to Florida Rule of Criminal Procedure 3.800(a). Pittman alleges that the written sentence in his case conflicts with the trial court's oral pronouncement and is therefore illegal. More specifically, he claims that the trial court orally sentenced him to 20 years, without stating that he was being sentenced as an habitual felony offender, but that the written sentence imposes an habitual felony offender sentence.[1] He also claims that his non-habitual offender 20 year sentence exceeds the statutory maximum of 15 years for a second degree felony.
Pittman attached to his motion a copy of the written habitual offender sentence and a copy of two pages from the sentencing transcript in which the sentencing judge orally imposed a 20 year sentence without mentioning the habitual offender status. He also attached a copy of an unsigned guideline scoresheet showing a sentence range of 42.7 months to 71.2 months.
The State points out that Pittman challenged his habitual offender sentence in his direct appeal and in his prior rule 3.800(a) motion on grounds that he did not qualify for habitualization, but never argued that he was not, in fact, orally sentenced as an habitual offender. Therefore, the State urges that Pittman's current position is inconsistent with his prior attacks and that he should be collaterally estopped from making this inconsistent claim. The trial court agreed, finding that the inconsistency was "dealt with on many previous occasions," and ruled that the issue was barred by collateral estoppel.
A sentence is illegal if it imposes a punishment that no judge under the entire body of sentencing statutes could inflict under any factual circumstances. See State v. McBride, 848 So.2d 287 (Fla. 2003); Carter v. State, 786 So.2d 1173, 1178 (Fla.2001). The Second District Court of Appeal in Cote v. State, 841 So.2d 488 (Fla. 2d DCA 2003), held that a judge is never authorized to impose a written sentence that increases the length of the sentence beyond the term orally pronounced and an attack on such a sentence is cognizable in a rule 3.800(a) motion. See also Polite v. State, 847 So.2d 1156 (Fla. 5th DCA 2003); Thomas v. State, 778 So.2d 429 (Fla. 5th DCA 2001) but see Luckey v. State, 811 So.2d 802 (Fla. 1st DCA 2002).
We disagree with the State that Pittman is estopped from raising the illegality of his sentence in his current rule 3.800(a) motion. As explained in McBride, *557 collateral estoppel prevents identical parties from relitigating the same issues, but the record in the instant case does not establish that the issue raised now was previously litigated. The State appears to be arguing that a defendant is barred from raising an illegal sentence argument by failing to challenge it in a prior postconviction motion. It is clear, however, that a defendant may not agree to the imposition of an illegal sentence. See, e.g., Gonzales v. State, 816 So.2d 720 (Fla. 5th DCA 2002); Butler v. State, 774 So.2d 925 (Fla. 5th DCA 2001), approved, 838 So.2d 554 (Fla.2003); Wilson v. State, 752 So.2d 1227 (Fla. 5th DCA 2000). The State's argument also runs counter to rule 3.800(a) which allows correction of an illegal sentence at any time and does not bar the filing of successive motions raising new claims. See McBride, 848 So.2d 287. Although it appears from the trial court's earlier order that there may be portions of the sentencing transcript which would establish that the trial court did, in fact, sentence defendant as an habitual offender (but merely failed to repeat the designation when repeating the sentence at the end of the hearing), the trial court did not attach any portion of the transcript to this order.
We vacate the trial court's order and remand so that the trial court can either attach portions of the record refuting Pittman's claim or enter a corrected sentence that does not exceed the statutory maximum for a second degree felony.
ORDER VACATED AND REMANDED.
THOMPSON and TORPY, JJ., concur.
NOTES
[1] Pittman was tried and convicted of attempted armed robbery with a firearm and was sentenced to 20 years as an habitual felony offender. His convictions were affirmed on appeal. See Pittman v. State, 736 So.2d 1205 (Fla. 5th DCA 1999). He then filed a rule 3.850 motion raising 23 claims. The motion was denied after an evidentiary hearing on one issue. On appeal, this court affirmed the denial of all but two claims and reversed and remanded for attachments of records or an evidentiary hearing. See Pittman v. State, 814 So.2d 1257 (Fla. 5th DCA 2002). The trial court again denied these two issues and this court per curiam affirmed. See Pittman v. State, 837 So.2d 999 (Fla. 5th DCA 2002).