863 So.2d 462 (2004)
Reginald C. FITZPATRICK, Appellant,
v.
STATE of Florida, Appellee.
No. 1D03-190.
District Court of Appeal of Florida, First District.
January 21, 2004.
Reginald Fitzpatrick, Pro Se.
Charles J. Crist, Attorney General, and Elizabeth Fletcher Duffy, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
The appellant challenges an order by which his Florida Rule of Criminal Procedure 3.800(a) motion was denied. In this motion the appellant alleged that his written sentence contains a habitual offender *463 designation, but that the sentencing judge did not pronounce a habitual offender sentence. Although this court indicated that such a claim was not cognizable under rule 3.800(a) in Luckey v. State, 811 So.2d 802 (Fla. 1st DCA 2002), we have since concluded that in light of the supreme court's decision in Ashley v. State, 850 So.2d 1265 (Fla.2003), approving Evans v. State, 675 So.2d 1012 (Fla. 4th DCA 1996), this is an issue implicating double jeopardy protections and an illegal sentence so as to be presentable under rule 3.800(a). See Smith v. State, 844 So.2d 755 (Fla. 1st DCA 2003).
In denying the appellant's motion the trial court found that the appellant was properly sentenced as a habitual offender, and referred to the sentencing transcript. However, that transcript was not attached to the appealed order, and has not otherwise been provided for the record on appeal. The order denying the motion is therefore reversed, and the case is remanded so that the court may either attach the transcript or take such other action as may be appropriate.
WOLF, C.J., ALLEN and DAVIS, JJ., concur.