864 So.2d 1257 (2004)
Paul R. BERTHIAUME, Appellant,
v.
STATE of Florida, Appellee.
No. 5D03-3302.
District Court of Appeal of Florida, Fifth District.
January 30, 2004.
*1258 Paul R. Berthiaume, Daytona Beach, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Lamya A. Henry, Assistant Attorney General, Daytona Beach, for Appellee.
GRIFFIN, J.
Paul R. Berthiaume ["Berthiaume"] appeals the summary denial of his motion filed pursuant to Rule 3.800(a), Florida Rules of Criminal Procedure. Berthiaume alleges that when he was sentenced to concurrent terms of nine years as an habitual felony offender in Orange County case nos. 1990-CF-2400, 1990-CF-5285, 1990-CF-6134, 1990-CF-7507 and 1990-CF-8973, the trial court orally pronounced that his sentences would also be concurrent with the sentence in Volusia County case no. 90-3704, but the written sentence did not reflect that ruling. Berthiaume alleges that the error is apparent on the face of the record, from the plea agreement and the sentencing colloquy.
The trial court denied relief because there was no case numbered 90-3704 in Orange County involving Berthiaume. The trial court attached to its order copies of the sentences; however, the court did not attach any portion of the sentencing transcript to refute Berthiaume's allegation and show that the court did not orally pronounce that his sentences were to run concurrent with a case numbered 90-3704.
The State was ordered to file a response. The State confirmed that case no. 90-3704 is a Volusia County case involving Berthiaume. The State argues that Berthiaume's claim is not cognizable under rule 3.800(a), because his sentences are not illegal, but this court and others have authorized the use of rule 3.800(a) to address discrepancies between the oral pronouncement of a sentence and the written judgment. See Pittman v. State, 859 So.2d 555 (Fla. 5th DCA 2003); Greene v. State, 853 So.2d 1114 (Fla. 1st DCA 2003); Polite v. State, 847 So.2d 1156 (Fla. 5th DCA 2003); Cote v. State, 841 So.2d 488 (Fla. 2d DCA 2003); Thomas v. State, 778 So.2d 429 (Fla. 5th DCA 2001).
We reverse the appealed order and remand for a determination whether the written sentences conform to the oral pronouncement. If they are the same, the court should attach the relevant portions of the record to refute Berthiaume's claim. If they are different, the court should correct the sentence.
REVERSED and REMANDED.
SHARP, W., and PLEUS, JJ., concur.