908 So.2d 1136 (2005)
Jeffrey MELTON, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D04-1828.
District Court of Appeal of Florida, Third District.
August 10, 2005.
Jeffrey Melton, in proper person.
Charles J. Crist, Jr., Attorney General, and Ishir Mehta, Assistant Attorney General, for appellee.
Before COPE, C.J., and SHEPHERD and ROTHENBERG, JJ.
SHEPHERD, J.
Defendant appeals the summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.850. We reverse the order to the extent that it denies defendant's claim that his written sentence does not conform to the court's oral pronouncement. See, e.g., D'Haiti v. State, 818 So.2d 670 (Fla. 3d DCA), review denied, 835 So.2d 266 (Fla.2002); Reddick v. State, 802 So.2d 421 (Fla. 3d DCA 2001). "When a trial court summarily denies a motion for postconviction relief under Florida Rule of Criminal Procedure 3.800(a), 3.850, or 3.853, this court's standard of review is as follows. `On appeal from the denial of relief, unless the record shows conclusively that the appellant is entitled to no relief, the order shall be reversed and the cause remanded for an evidentiary hearing or other appropriate *1137 relief.' Fla. R.App. P. 9.141(b)(2)(D)." Gonzalez v. State, 2005 WL 1706399 (Fla. 3d DCA June 29, 2005); Miller v. State, 905 So.2d 981 (Fla. 3d DCA 2005). As the trial judge did not attach a copy of the sentencing transcript and because the record does not conclusively refute defendant's claim, we reverse the order as to this claim and remand for further proceedings consistent herewith. See Miller. As to defendant's remaining claims, the order is affirmed.
Affirmed in part, reversed in part, and cause remanded.