913 So.2d 1239 (2005)
Daryl WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D05-1537.
District Court of Appeal of Florida, Fourth District.
November 9, 2005.
Daryl Williams, Miami, pro se.
No appearance required for appellee.

On Motion for Rehearing
PER CURIAM.
We withdraw our prior opinion and substitute the following in its place.
We affirm the denial of appellant's Florida Rule of Criminal Procedure 3.800(a) motion, which claims that the written sentence does not conform to the court's oral pronouncement of the sentence. See Campbell v. State, 718 So.2d 886 (Fla. 4th DCA 1998). In this case, appellant's unsworn motion[1] stated that the judge orally sentenced appellant to eleven years but that his written judgment sentenced him to fourteen years seven months. No attachments, such as a transcript of the sentencing proceeding, were included. We certify conflict with Fitzpatrick v. State, 863 So.2d 462 (Fla. 1st DCA 2004), and Berthiaume v. State, 864 So.2d 1257 (Fla. 5th DCA 2004).
*1240 We also conclude that a mere allegation of a difference between the oral pronouncement and the written judgment is insufficient to comply with the rule. We certify conflict with Watts v. State, 790 So.2d 1175 (Fla. 2d DCA 2001), as to the issue of whether a mere allegation that a written sentence does not comport with an oral pronouncement is sufficient to raise a rule 3.800(a) claim. We would also note that, unlike rule 3.850(d), rule 3.800(a) contains no requirement that the trial court attach portions of the record that conclusively refute the allegations of the motion.
WARNER, FARMER and MAY, JJ., concur.
NOTES
[1] Unlike Florida Rule of Criminal Procedure 3.850(c), which requires a motion seeking postconviction relief to be under oath, there is no requirement under rule 3.800 that a motion be made under oath.