916 So.2d 923 (2005)
Darrell J. BYERS, Appellant,
v.
STATE of Florida, Appellee.
No. 1D05-2995.
District Court of Appeal of Florida, First District.
November 29, 2005.
*924 Appellant, pro se.
Charlie Crist, Attorney General; Tracy Lee Cooper, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
The appellant challenges the summary denial of his post conviction motion. In his motion, the appellant asserts that his sentence is illegal as a matter of law where the written judgment and sentence designating the appellant a habitual felony offender does not comport with the trial court's oral pronouncement of the appellant's sentence.
In the appellant's motion, he asserts that the written sentence of 20 years' imprisonment as a habitual felony offender does not comport with the oral pronouncement which omitted the appellant's designation as a habitual felony offender. Further, the appellant asserts that his orally imposed sentence of 20 years' imprisonment for a second-degree felony exceeds the statutory maximum and is thereby illegal. An appellant's claim that his sentence is illegal where the written sentence includes a habitual felony offender designation, but the trial court failed to orally pronounce the appellant a habitual felony offender is cognizable in a rule 3.800 motion. See Fitzpatrick v. State, 863 So.2d 462 (Fla. 1st DCA 2004). In addition, a sentence may be corrected under rule 3.800(a) where a sentence fails to comport with statutory limitations and that illegality is revealed on the face of the record without need for an evidentiary hearing. See State v. Mancino, 714 So.2d 429 (Fla. 1998). Here, the appellant points to the portion of the record which demonstrates his entitlement to relief. Moreover, if the appellant's assertions are correct, his sentence of 20 years' imprisonment exceeds the maximum authorized sentence of 15 years' imprisonment for a second-degree felony. See § 775.082, Fla. Stat. (2002). Furthermore, the trial court failed to include record attachments conclusively refuting the appellant's claim.
Therefore, we reverse the denial of the appellant's rule 3.800(a) motion and remand to the trial court to either attach the proper record portions refuting the appellant's claims or to grant the appellant the relief he requests.
REVERSED AND REMANDED.
KAHN, C.J., HAWKES and THOMAS, JJ., concur.