926 So.2d 1241 (2006)
Wilmann RENAUD, Petitioner,
v.
STATE of Florida, Respondent.
No. SC05-1005.
Supreme Court of Florida.
March 23, 2006.
*1242 Carey Haughwout, Public Defender, Margaret Good-Earnest and Jeffrey Golant, Assistant Public Defenders, Fifteenth Judicial Circuit, West Palm Beach, FL, for Petitioner.
Charles J. Crist, Jr., Attorney General, Tallahassee, FL, Melanie Dale Surber and Celia A. Terenzio, Assistant Attorneys General, West Palm Beach, FL, for Respondent.
PER CURIAM.
We initially accepted jurisdiction to review Renaud v. State, 901 So.2d 1032 (Fla. 4th DCA 2005), a decision of the Fourth District Court of Appeal certifying conflict with the decisions in Fitzpatrick v. State, 863 So.2d 462 (Fla. 1st DCA 2004), and Berthiaume v. State, 864 So.2d 1257 (Fla. 5th DCA 2004). See art. V, § 3(b)(4), Fla. Const. Upon further consideration, we have now determined that jurisdiction was improvidently granted. A requirement for relief under Florida Rule of Criminal Procedure 3.800(a) is "that the court records demonstrate on their face an entitlement to ... relief." Fla. R.Crim. P. 3.800(a). This rule does not contemplate the necessity of an evidentiary hearing. In the instant matter there was no increase in a sentence entered subsequent to the date the oral sentence was imposed and the date the defendant had begun serving the sentence which would implicate a facial double jeopardy violation or illegal sentence apparent on the face of the record. The oral pronouncement of sentence and the written sentencing order were imposed at the same hearing. Therefore, Renaud's claim is not cognizable under a rule 3.800(a) motion to correct an illegal sentence on the face of the record. When the alleged illegality of the sentence is not apparent on the face of the record, a rule 3.850 motion is the only available remedy. Unlike the present case, in both Fitzpatrick and Berthiaume the courts considered facial double jeopardy and illegal sentence implications under the facts presented.
Renaud failed to present this substantive issue in his initial rule 3.850 motion. Therefore, the Fourth District was correct in dismissing Renaud's claim as a successive rule 3.850 motion which is procedurally barred. Accordingly, this review *1243 proceeding is dismissed due to no actual conflict.
It is so ordered.
PARIENTE, C.J., and WELLS, LEWIS, QUINCE, CANTERO, and BELL, JJ., concur.
ANSTEAD, J., dissents.