957 So.2d 600 (2007)
Daryl WILLIAMS, Petitioner,
v.
STATE of Florida, Respondent.
No. SC05-2163.
Supreme Court of Florida.
May 17, 2007.
Beverly A. Pohl of Broad and Cassel of Fort Lauderdale, FL, and Cynthia Morales *601 of Broad and Cassel of Miami, FL, for Petitioner.
Bill McCollum, Attorney General, Tallahassee, FL, Celia Terenzio, Bureau Chief, and Jeanine M. Germanowicz, Assistant Attorney General, West Palm Beach, FL, for Respondent.
PER CURIAM.
We have on appeal a decision of a district court of appeal that certifies conflict with decisions of the First, Second, and Fifth District Courts of Appeal. Williams v. State, 913 So.2d 1239 (Fla. 4th DCA 2005). We have jurisdiction. See art. V, § 3(b)(4), Fla. Const. For the reasons set out below, we quash the decision of the Fourth District Court of Appeal and hold that a claim asserting a discrepancy between an oral and written sentence is cognizable in a rule 3.800(a) proceeding for correction of an illegal sentence.

BACKGROUND
Daryl Williams pleaded guilty to burglary of a dwelling and was sentenced on December 21, 1999. On February 4, 2005, Williams filed a motion for correction of an illegal sentence under Florida Rule of Criminal Procedure 3.800(a), alleging that the sentence that was pronounced orally was "eleven years straight up," but that his written sentence reflected a longer term of 175 months (fourteen years, seven months). The trial court denied Williams' motion as legally insufficient. The trial court noted that the court clerk's minutes from the sentencing in the record demonstrated that the oral pronouncement was the same as the written sentence and attached both to its order denying relief, but did not attach a transcript of the sentencing proceedings.
On appeal, the Fourth District Court of Appeal affirmed the trial court's denial of Williams' motion and certified conflict with Fitzpatrick v. State, 863 So.2d 462 (Fla. 1st DCA 2004), and Berthiaume v. State, 864 So.2d 1257 (Fla. 5th DCA 2004). Williams, 913 So.2d at 1239. The district court further concluded that "a mere allegation of a difference between the oral pronouncement and the written judgment is insufficient to comply with [rule 3.800(a)]" and certified conflict with Watts v. State, 790 So.2d 1175 (Fla. 2d DCA 2001), on that issue. Williams, 913 So.2d at 1240.

JURISDICTION
Williams sought review here based upon the district court's certification that its decision expressly conflicted with decisions of other district courts. During proceedings for review before this Court, Williams obtained a copy of the transcript of the hearing, which reflects that the oral pronouncement of sentence did not conflict with the written judgment and sentence. Williams concedes his claim is now moot but advocates our retention of jurisdiction because of the continuing existence of express and direct conflict among the district courts. Upon reflection, we have determined to retain jurisdiction in the instant action to address the conflict in decisions certified by the district court and resolve the uncertainty with regard to the utilization of rule 3.800(a) to resolve discrepancies between written sentences and oral pronouncements. See State v. Matthews, 891 So.2d 479, 483-84 (Fla.2004). "The mootness doctrine does not destroy our jurisdiction because the question before this Court is of great public importance and is likely to recur." Id. at 483 (citing Holly v. Auld, 450 So.2d 217, 218 n. 1 (Fla.1984)).

ANALYSIS
Florida Rule of Criminal Procedure 3.800(a) provides:

*602 (a) Correction. A court may at any time correct an illegal sentence imposed by it, or an incorrect calculation made by it in a sentencing scoresheet, or a sentence that does not grant proper credit for time served when it is affirmatively alleged that the court records demonstrate on their face an entitlement to that relief, provided that a party may not file a motion to correct an illegal sentence under this subdivision during the time allowed for the filing of a motion under subdivision (b)(1) or during the pendency of a direct appeal.
Fla. R.Crim. P. 3.800(a). We have explained that this procedural rule allows for petition to the courts to correct sentencing errors that may be identified on the face of the record and, because such errors may be resolved as a matter of law, do not require contested evidentiary hearings. See Renaud v. State, 926 So.2d 1241 (Fla. 2006); State v. Mancino, 714 So.2d 429 (Fla.1998); Hopping v. State, 708 So.2d 263 (Fla.1998); State v. Callaway, 658 So.2d 983, 988 (Fla.1995).
We have generally defined an "illegal sentence" as one that imposes a punishment or penalty that no judge under the entire body of sentencing statutes and laws could impose under any set of factual circumstances. Carter v. State, 786 So.2d 1173, 1181 (Fla.2001). The First, Second, Third, and Fifth Districts have interpreted this to include an otherwise legal sentence set out in a written judgment and sentence that does not comport with the sentence orally pronounced in open court; these courts have authorized correction of this type of error in a rule 3.800(a) postconviction proceeding. See Hood v. State, 851 So.2d 829 (Fla. 1st DCA 2003); Greene v. State, 853 So.2d 1114 (Fla. 1st DCA 2003); Cote v. State, 841 So.2d 488 (Fla. 2d DCA 2003), quashed, 913 So.2d 544 (Fla.2005); Fitzpatrick, 863 So.2d at 463; Watts, 790 So.2d at 1176; Dobarganes v. State, 930 So.2d 765 (Fla. 3d DCA 2006); Berthiaume, 864 So.2d at 1258. These courts have also held that a trial court cannot summarily deny a movant's motion to correct a sentence under rule 3.800(a) without attaching the portion of the record that refutes the movant's assertion. See Melton v. State, 908 So.2d 1136, 1136-37 (Fla. 3d DCA 2005); Berthiaume, 864 So.2d at 1258; Fitzpatrick, 863 So.2d at 463; Watts, 790 So.2d at 1176. Only the Fourth District holds that such a claim in not cognizable under a rule 3.800(a) motion. See Williams, 913 So.2d at 1239-40.
In Fitzpatrick, the First District found that since no portion of the sentencing transcript had been attached to the order denying the movant's motion, or otherwise provided in the record on appeal, the order had to be reversed and remanded so that the trial court could either attach the transcript or take other necessary action. 863 So.2d at 463; see also Byers v. State, 916 So.2d 923 (Fla. 1st DCA 2005).
In Watts, the Second District held that an allegation that a written sentence differs from the oral pronouncement is cognizable in a rule 3.800(a) proceeding and ordered the trial court to review the record on remand to determine whether there was in fact a discrepancy. 790 So.2d at 1176. The Second District reversed the order denying relief and directed the trial court to attach the portions of the sentencing proceedings record that would conclusively refute the movant's claim should the court determine there was no discrepancy. Id.; see also Ferguson v. State, 778 So.2d 387 (Fla. 2d DCA 2001). But see Williams v. State, 705 So.2d 1032 (Fla. 2d DCA 1998) (claims of discrepancy between oral and written sentence should be brought under Florida Rule of Criminal Procedure 3.850).
*603 In Melton, the Third District essentially mandated a similar procedure requiring the trial court to determine whether the record establishes that the movant is entitled to relief. 908 So.2d at 1136 (applying the Third District's standard to motions filed under rules 3.800, 3.850, and 3.853). See also Dobarganes, 930 So.2d at 765.
Finally, the Fifth District has agreed that movants may seek redress for discrepancies between written and oral sentences under rule 3.800(a). See Berthiaume, 864 So.2d at 1257; see also England v. State, 879 So.2d 660 (Fla. 5th DCA 2004); Pittman v. State, 859 So.2d 555 (Fla. 5th DCA 2003); Polite v. State, 847 So.2d 1156 (Fla. 5th DCA 2003); Thomas v. State, 778 So.2d 429 (Fla. 5th DCA 2001). But see Chico v. State, 734 So.2d 519 (Fla. 5th DCA 1999) (rule 3.800 motion not cognizable because relief was not apparent on the face of the record).
In Williams, the Fourth District concluded that "a mere allegation of a difference between the oral pronouncement and the written judgment is insufficient to comply with [rule 3.800(a)]." 913 So.2d at 1240.[1] Unlike the other district courts, the Fourth District has suggested that a motion to correct illegal sentence is only available where the sentence either exceeds the statutory maximum or otherwise defies statutory limitations. Campbell, 718 So.2d at 886. However, in Covell v. State, 891 So.2d 1132 (Fla. 4th DCA 2005), the Fourth District affirmed a trial court's denial of an appellant's rule 3.800(a) motion without prejudice to file a rule 3.850 motion. Similarly, in Rinderer v. State, 857 So.2d 955 (Fla. 4th DCA 2003), the Fourth District chose to treat a rule 3.800 motion as a rule 3.850 motion and held such motion met the requirements for stating a claim under rule 3.850.

Oral Pronouncement of Sentence
This Court has held that a court's oral pronouncement of a sentence controls over the written sentencing document. See Ashley v. State, 850 So.2d 1265, 1268 (Fla. 2003); Justice v. State, 674 So.2d 123, 126 (Fla.1996). When the written document results in a sentence that is more severe than the sentence announced in court, this Court has considered it a potential violation of the constitutional protection against double jeopardy. See Ashley, 850 So.2d at 1268-69; Justice, 674 So.2d at 126. In effect, under our decisions in Ashley and Justice, we have determined that a written sentence that conflicts with the oral pronouncement of sentence imposed in open court is an illegal sentence. Indeed, we have restricted the authority of a trial court to enter a conflicting written sentence in this manner. State v. Jones, 753 So.2d 1276, 1277 n. 2 (Fla.2000). Accordingly, no court has the authority to enter such a sentence, since the oral pronouncement controls and constitutes the legal sentence imposed. For this reason, we agree with the decisions of the First, Second, Third, and Fifth District Courts of Appeal that a motion alleging a discrepancy between the oral and written sentences should be cognizable in a rule 3.800(a) proceeding.
Rule 3.800(a) provides that a court may at any time correct a multitude of sentencing errors at any time the error is discovered, provided that a party may not file a motion under 3.800(a) during the time allowed for filing under 3.800(b)(1). Certainly, *604 rule 3.800(a) encompasses any sentencing discrepancy apparent on the face of the record that may be resolved as a matter of law without the need for an evidentiary hearing to resolve issues of fact. The policy underlying this rule includes concerns that a defendant not be subject to punishment or imprisonment beyond that which was lawfully imposed. Although the Fourth District opinion suggests that corrections under the rule may be limited to sentences that are statutorily unfounded, the rule and our case law do not support such a limitation, since, for example, the rule itself allows correction for a calculation error or credit for time served. It follows, then, that an error in recording the actual sentence pronounced in open court during sentencing (much like the time allotted for credit for time served, or the time calculated on the scoresheet) may also be determined from an examination of the record and should also be included in the type of error the courts can correct under 3.800(a).
It appears that resolution of this issue has also been affected by our pronouncements that rule 3.800(a) errors should appear "on the face of the record." Although obviously important and controlling, sentencing proceedings are not always transcribed and placed in written form in the trial court record, while the written formal judgment and sentence, often entered later, is filed in the record like other court orders. In some cases where the district courts have considered a discrepancy between the oral pronouncement and the written sentence the movant was able to show the discrepancy on the face of the record. See Byers, 916 So.2d at 923; England, 879 So.2d at 661; Pittman, 859 So.2d at 556. However, in other instances where the district courts have approved of the use of rule 3.800(a) to resolve this issue, the district courts have required trial courts to attach the relevant portion of the sentencing records to any order denying relief. See, e.g., Dobarganes, 930 So.2d at 765; Berthiaume, 864 So.2d at 1258.
This issue arises in part because we have not yet been able to ensure that a written judgment and sentence is always issued simultaneously with the oral pronouncement of sentence. While Florida's criminal trial courts are working with diligence towards that goal, there remains the chance that a conflicting written sentence may be issued sometime after the oral pronouncement. However, since we have held that the oral pronouncement is, in effect, the controlling disposition, we also conclude that the oral imposition of sentence should at all times be considered a necessary part of the official record if a transcript of the sentencing proceeding is in the court file or, alternatively, a petitioner attaches a certified copy of the sentencing transcript to the rule 3.800(a) motion. In this way the burden remains with the petitioner to demonstrate an entitlement to relief on the face of the record. If the sentencing transcript is neither in the file nor attached to the motion, the motion should be denied without prejudice to the filing of an amended motion properly attaching the sentencing transcript.
Until we have achieved the simultaneous entry of a written judgment and oral pronouncement, and since the oral pronouncement controls, we urge trial courts to continue to be diligent in ensuring that the written sentence does conform with the oral pronouncement. However, in the meantime, when a claim of a conflict is asserted, trial courts should be able to determine by an examination of the record of the sentencing proceeding, but without the need for an evidentiary hearing, whether the written sentence conforms *605 with the oral pronouncement and rule accordingly.[2]

CONCLUSION
Because we conclude that a discrepancy between oral and written sentence is cognizable in a rule 3.800(a) proceeding, we disapprove the district court's decision to the extent it conflicts with this opinion. We recognize that the issue has been rendered moot in this case so that no further proceedings are necessary.
It is so ordered.
LEWIS, C.J., and WELLS, ANSTEAD, PARIENTE, QUINCE, CANTERO, and BELL, JJ., concur.
NOTES
[1] The Fourth District relied on its earlier decision in Campbell v. State, 718 So.2d 886 (Fla. 4th DCA 1998). Williams, 913 So.2d at 1239. The Fourth District's holding in Campbell is no different than its reasoning in Williams the law that provides primacy to the oral pronouncement cannot be used to claim that a sentence is illegal. See Campbell, 718 So.2d at 886.
[2] It is also within the trial court's authority to direct the State to file a response to the rule 3.800(a) motion so that the State may have an opportunity to explain an apparent discrepancy before the matter is adjudicated.