PER CURIAM.
Appellant Sean Patrick Sullivan appeals his judgment and sentence. In the proceedings below, appellant pled no contest to three counts, (I) burglary of a dwelling with assault, (II) criminal mischief, and (III) assault. At his sentencing hearing, the trial court orally announced appellant would be sentenced as a youthful offender to time served on counts II and III, and to seventy-two months probation, with the first twenty-four months on community control, on count I. However, the subsequent written judgment and sentence did not reflect that appellant was sentenced as a youthful offender. Appellant filed a Motion to Correct Illegal Sentence, pursuant to Florida Rule of Criminal Procedure 3.800(b)(2). On May 29, 2007, the Clerk entered a statement certifying that no ruling was entered on the motion. Pursuant to Florida Rule of Criminal Procedure 3.800(b)(1)(B), we treat the statement of no ruling as a denial of the motion.
The sole issue on appeal is whether the trial court erred in entering a written judgment and sentence which does not conform to the court’s oral pronouncement. A discrepancy between a written judgment and sentence and the oral pronouncement of the sentence is cognizable in a Rule 3.800 motion to correct illegal sentence. See Williams v. State, 957 So.2d 600 (Fla.2007). In such cases, “a court’s oral pronouncement of a sentence controls over the written sentencing document.” Id. at 603. Thus, we REVERSE appellant’s sentence to the extent it does not reflect that appellant was sentenced as a youthful offender, and REMAND with instructions to the trial court to correct the error. Because this is a ministerial act, the appellant’s presence is not required.
POLSTON, HAWKES, and THOMAS, JJ., concur.