COPE, J.
This is an appeal of an order summarily denying a motion to correct illegal sentence under Florida Rule of Criminal Procedure 3.800(a). We affirm in part and reverse in part.
The first claim of defendant-appellant Curtis Kendall Pernell is that as a result of a resentencing in 2000, the trial court inadvertently increased his aggregate sentence length from sixty years to seventy years. The trial court denied the claim on the theory that it had been previously adjudicated. The defendant has appealed.
By way of background, in 1997, the defendant had sixteen pending criminal cases in the trial court. Pursuant to a plea agreement, the defendant was sentenced to concurrent sixty year sentences in a number of the cases, and shorter concurrent sentences in the remaining cases.
Thereafter the defendant filed a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850, and in 2000, the trial court granted partial relief. In three of the trial court cases, there had never been a notice of habitualization. As a result, the trial court resentenced the defendant to ten year sentences under the sentencing guidelines in those cases. The judge’s oral pronouncement made clear that the defendant’s aggregate sentence would remain sixty years.
Thereafter the Department of Corrections recalculated the defendant’s tentative release date. The Department concluded that as a result of the resentencing, the defendant’s aggregate sentence is now seventy years. The Department’s explanation to the defendant was that in two of the resentenced cases, the ten year sentences were now running consecutive, rather than concurrent.
The State’s response filed in this court acknowledges that this is a claim which the *780 defendant has not previously raised and that the trial court erred in concluding that this particular claim had been previously adjudicated. The claim here is that the written sentencing order deviates from the court’s oral pronouncement. Such a claim is cognizable under rule 3.800(a). Williams v. State, 957 So.2d 600, 601 (Fla.2007). We therefore reverse the order now before us on this issue and remand for consideration of the merits of the claim.*
We affirm with regard to claims two and three.
Affirmed in part, reversed in part, and remanded for further proceedings consistent herewith.

 Because the sentencing structure in this case is complicated, counsel shall be appointed for the proceedings on remand.