LAGOA, Judge.
 

 Appellant, James Carter (“Carter”), appeals from the summary denial of his petition for writ of habeas corpus. We affirm.
 

 In 1997, Carter pled guilty to the charges of aggravated assault, burglary with an assault, and possession of a firearm by a convicted felon. At that time, the trial court entered a written sentence imposing a habitual felony offender sentence on all three counts. In the petition filed below, Carter argued, inter alia, that the trial court did not orally pronounce a habitual felony offender on all counts. In support of the petition, Carter attached a portion of the 1997 plea transcript,
 
 [1]
 
 and a July 21, 2000 corrected written sentence. On appeal, Carter contends that the only issue is whether the trial court orally pronounced a habitual felony offender sentence on all three counts or only on count one.
 

 
 *378
 
 We find no merit to Carter’s contention that he was sentenced as a habitual felony-offender only on count one, rather than on all three counts. A review of the plea transcript shows that the trial court orally sentenced Carter as a habitual felony offender on all three counts and the 1997 written sentencing order is in accordance with this oral pronouncement.
 
 See Williams v. State,
 
 957 So.2d 600, 603 (Fla.2007).
 

 Furthermore, the July 21, 2000, corrected written sentence does not support Carter’s position on appeal. That sentencing order was entered following this Court’s remand in
 
 Carter v. State,
 
 752 So.2d 725 (Fla. 3d DCA 2000). In that appeal, Carter argued that his counsel erroneously advised him that his sentence would run concurrently with his conditional release violation sentence, when, in fact, his sentences were consecutive. In
 
 Carter,
 
 752 So.2d at 725, this Court ordered an eviden-tiary hearing only as to whether defense counsel advised Carter that the sentence in this case and the conditional release violation sentence would run concurrently. On remand, the trial court entered the July 21, 2000, corrected written sentence and a subsequent order providing that Carter’s sentences in both cases were to run concurrently. However, the July 21, 2000, corrected written sentence also reflects a change to the 1997 written sentence, which imposed a habitual felony offender sentence on all counts. Instead of a habitual felony offender sentence on all counts, the corrected sentence provides that Carter is sentenced as a habitual felony offender only as to count one.
 

 Subsequently, the trial court and this Court addressed the propriety of this part of the corrected sentence. On December 12, 2003, the trial court entered an order denying Carter’s motion to correct an illegal sentence,
 
 [2]
 
 finding that “[i]t is clear from the [1997] transcript that the Court did sentence the Defendant as a Habitual Felony Offender on all three counts, and the clerk’s entry on the [July 21, 2000] Corrected Judgment and Sentence is in error.” The trial court also ordered the clerk to prepare a corrected sentence.
 
 [3]
 
 This Court affirmed the order denying Carter’s motion.
 
 Carter v. State,
 
 869 So.2d 559 (Fla. 3d DCA 2004) (table). Therefore, the issue whether the habitual felony offender sentence on count one only, as provided in the July 21, 2000 written corrected sentence, was proper has been previously ruled on by the trial court and affirmed by this Court.
 
 See State v. McBride,
 
 848 So.2d 287, 290 (Fla.2003) (explaining that collateral estoppel prevents identical parties from relitigating the same issues that were previously decided). However, the State has advised this Court that the trial court clerk’s office is unable to locate a corrected sentence entered pursuant to the December 12, 2003, order. Accordingly, on remand, the trial court is directed to enter a second corrected sentence providing that Carter was sentenced as a habitual felony offender on all counts.
 

 Affirmed and remanded.
 

 [1]
 

 . At the 1997 sentencing, the trial court stated:
 

 Based upon your plea and the facts I reviewed, I find you guilty and adjudicate you guilty and also find that you do qualify to be sentenced as an habitual offender and sentence you to ten years on count one, aggravated assault with a three year min-man as an habitual offender, and to 20 years on count two with a three year min-man to run concurrent and 20 years on count three with no min-man to run concurrent and the defendant shall receive credit for all of the time he served.
 

 [2]
 

 . In the 2003 rule 3.800 motion, Carter argued, in pertinent part, that he was only sentenced as a habitual offender on count one and that the sentence imposed on count three was illegal as he was not sentenced as a habitual offender on that count.
 

 [3]
 

 . In its order, the trial court addressed Carter's argument as to count three and ordered the clerk to prepare a corrected judgment and sentence reflecting that Carter was sentenced as a habitual felony offender on count three.