WOLF, J.
Appellant challenges the denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a). He alleged his sentence was illegal because the oral pronouncement of his sentence for escape included credit for time he served awaiting the escape trial, which is not reflected in the written sentence. The postconviction court did not reach the issue of whether appellant had been orally awarded the credit which he seeks. Instead, the post-conviction court held that as a matter of law, the time served awaiting a trial for escape is a mandatory continuation of the original sentence that the defendant was serving when he or she escaped. The court concluded that if appellant was entitled to credit for time served against his original sentence, appellant must first exhaust his administrative remedies with the Department of Corrections. We determine this was error. We remand for the court to address appellant’s claim pursuant to Williams v. State, 957 So.2d 600 (Fla.2007).
1. Postconviction Court’s Ruling
The postconviction court is correct that a defendant is not entitled to credit against an escape sentence for time served awaiting the escape trial. See Milne v. State, 807 So.2d 725, 726 (Fla. 4th DCA 2002). However, here appellant did not allege that he was entitled to the credit. He alleged the trial court had already awarded him that credit during the oral pronouncement of his sentence. “[A] court’s oral pronouncement of a sentence controls over the written sentencing document.” Williams, 957 So.2d at 603.
*950 Where a trial court errs in granting a defendant too much credit for time served, that credit cannot be rescinded outside of the 60-day period for modifying a sentence provided in Florida Rule of Criminal Procedure 3.800(c), even if that credit was improperly awarded. See King v. State, 913 So.2d 758, 760 (Fla. 2d DCA 2005) (finding the trial court erred in granting the State’s rule 3.800(a) motion to correct an illegal sentence by reducing the amount of jail credit awarded, finding the improperly awarded credit did not render the sentence illegal, and reducing the credit constituted an enhancement on the sentence that violated double jeopardy); Wheeler v. State, 880 So.2d 1260 (Fla. 1st DCA 2004) (granting a rule 3.800(a) motion, finding a sentence was rendered illegal when the trial court reduced previously awarded jail credit, even though that credit was improperly awarded). Here, the postconviction court erred in denying appellant’s motion as a matter of law. We need, however, to address how appellant’s claim will be handled on remand.
2. Procedure for Addressing Jail Credit Claim
There has been a great deal of confusion concerning how to address assertions regarding jail credit filed pursuant to rule 3.800(a). All claims like the ones asserted in this case, filed after July 1, 2013, will be governed by Florida Rule of Criminal Procedure 3.801. That rule will most likely resolve most of the chaos in this area. It would serve no benefit to outline the diverse opinions from the various district courts concerning this issue, because the supreme court has addressed how to handle this particular issue for claims filed prior to July 1, 2013.
In Williams v. State, 957 So.2d 600 (Fla.2007), the supreme court laid out a procedure for handling claims filed pursuant to rule 3.800(a) alleging that the oral pronouncement of sentence concerning jail credit conflicted with the written judgment and sentence. The court stated:
[Sjince we have held that the oral pronouncement is, in effect, the controlling disposition, we also conclude that the oral imposition of sentence should at all times be considered a necessary part of the official record if a transcript of the sentencing proceeding is in the court file or, alternatively, a petitioner attaches a certified copy of the sentencing transcript to the rule 3.800(a) motion. In this way the burden remains with the petitioner to demonstrate an entitlement to relief on the face of the record. If the sentencing transcript is neither in the file nor attached to the motion, the motion should be denied without prejudice to the filing of an amended motion properly attaching the sentencing transcript.
Id. at 604-05 (emphasis added).
We can find no case which overrules Williams in this limited area. We, therefore, are bound by that decision. Thus, we reverse and remand with instructions that the court address the merits of appellant’s argument following the dictates of Williams v. State, 957 So.2d 600 (Fla. 2007). Specifically, we direct the court to address appellant’s argument on the merits if the pertinent portions of the record, specifically the sentencing transcript, appear in the court file. If the transcript is not in the court file, the motion should be denied without prejudice for appellant to file an amended motion attaching the sentencing transcript.
REVERSED AND REMANDED.
PADOVANO and RAY, JJ., concur.