EVANDER, J.,
concurring in part, dissenting in part.
In Williams v. State, 957 So.2d 600, 601 (Fla.2007), the Florida Supreme Court held that a claim asserting a discrepancy between an oral and written sentence is cognizable in a Florida Rule of Criminal Procedure 3.800(a) proceeding for correction of an illegal sentence. The Williams opinion did not purport to restrict its holding to instances where the discrepancy relates only to the length of a sentence. As Judge Torpy correctly observes, a “sentence” may include many components, including court costs. Therefore, I disagree with the majority’s opinion to the extent it holds that a cost assessment can never render a sentence illegal and that Florida Rule of Criminal Procedure 3.800(b) provides the exclusive remedy to correct a sentencing error related to the imposition of costs.
Consider, for example, the case of a defendant who enters a guilty plea to a felony which calls for a mandatory three-year prison sentence to be followed by five years’ probation with a special condition that the defendant pay investigative costs of $5,000. Consider further that the sentencing documents clearly provide that the costs of investigation are $50,000. If there was no direct appeal and the error was not caught until three years later when the defendant reported for probation, the majority’s holding would deny the defendant *1000 any remedy even though the court record contained: (1) a transcript reflecting the oral pronouncement of $5,000 for costs of investigation; (2) a written plea agreement providing for the payment of $5,000 of investigative costs; and (3) an affidavit from the appropriate law enforcement agency setting forth the $5,000 figure.
In Williams, the supreme court further stated that rule 3.800(a) “encompasses any sentencing discrepancy apparent on the face of the record that may be resolved as a matter of law without the need for an evidentiary hearing to resolve issues of fact.” Id. at 604. The court noted that the policy underlying the rule included concerns that a defendant not be subject to punishment or imprisonment beyond that which was lawfully imposed. Id. As demonstrated by the hypothetical, the majority’s overbroad holding, providing for no exceptions, contravenes that policy. Quite simply, a defendant would be subject to further punishment or imprisonment as a result of a. discrepancy between the oral pronouncement - and the written judgment that was apparent on the face of the record.[3]

. Because there was no error in the imposition of costs in Mr. Durant's case, I concur in the result.