NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

GLENWOOD HUNTER, DOC #360293,    )
                                 )
            Appellant,           )
                                 )
v.                               )        Case No. 2D18-784
                                 )
STATE OF FLORIDA,                )
                                 )
            Appellee.            )
_____ )

Opinion filed June 7, 2019.

Appeal from the Circuit Court for Polk
County; Mark F. Carpanini, Judge.

Howard L. Dimmig, II, Public Defender, and
Clark E. Green, Assistant Public Defender,
Bartow, for Appellant.

Ashley Moody, Attorney General,
Tallahassee, and Chelsea S. Alper,
Assistant Attorney General, Tampa, for
Appellee.


PER CURIAM.


        Glenwood Hunter appeals his judgment and sentence for one count of

sale of cocaine within 1000 feet of a school.  Finding merit in arguments he raised in a

motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure

3.800(b)(2), we reverse and remand for the trial court to correct the following errors in Mr. Hunter's monetary obligations order.

The monetary obligations order includes a mandatory cost of $15 imposed under section 938.13, Florida Statutes (2017), for misdemeanors involving drugs or alcohol.  This cost was not orally imposed at sentencing, see Peacock v. State, 44 Fla. L. Weekly D929a, D929a (Fla. 2d DCA Apr. 10, 2019), and, as Mr. Hunter was convicted of a felony, it would nevertheless be inapplicable.  On remand, this cost must be stricken "so that the written sentences reflect the trial court's oral pronouncement on said costs."  Id.

The trial court orally imposed $163.90 in investigative costs.  However, the written monetary obligations order imposes investigative costs of $163.92.  "[T]he oral pronouncement of sentence controls over a written sentence."  Blocker v. State, 968 So. 2d 686, 690 (Fla. 2d DCA 2007) (citing Williams v. State, 957 So. 2d 600, 603 (Fla. 2007)).  On remand, this cost must be corrected.

We affirm Mr. Hunter's judgment and sentence in all other respects.

Affirmed in part; reversed in part; remanded with instructions.

NORTHCUTT, BLACK, and LUCAS, JJ., Concur.