# Third District Court of Appeal
## State of Florida

Opinion filed February 12, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1524
Lower Tribunal No. F23-13127
_____

**Patrick Andrew Cooper,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Cristina Miranda, Judge.

Patrick Andrew Cooper, in proper person.

John Guard, Acting Attorney General, and Haccord J. Curry, Assistant Attorney General, for appellee.

Before LOGUE, C.J., and GORDO and LOBREE, JJ.

PER CURIAM.

Patrick Andrew Cooper appeals the summary denial of two separate motions—(1) a motion to correct credit for jail time served prior to sentencing,

and (2) a motion to correct sentencing, asserting that the written sentence does not conform with the trial court's oral pronouncement following his plea. As we agree with the trial court's determination that both motions were legally insufficient, we affirm both orders but do so without prejudice to Cooper filing legally sufficient motions within sixty days.

A motion for correction of jail credit is governed by Florida Rule of Criminal Procedure 3.801. Here, a review of Cooper's motion reflects it was not legally sufficient. Specifically, the motion does not comply with subsection (c), which provides:

> **(c) Contents of Motion.** The motion shall be under oath and include:
> (1) a brief statement of the facts relied on in support of the motion;
> (2) the dates, location of incarceration, and total time for credit already provided;
> (3) the dates, location of incarceration, and total time for credit the defendant contends was not properly awarded;
> (4) whether any other criminal charges were pending at the time of the incarceration noted in subdivision (c)(3), and if so, the location, case number, and resolution of the charges; and
> (5) whether the defendant waived any county jail credit at the time of sentencing, and if so, the number of days waived.

Therefore, we affirm the denial of Cooper's motion for correction of jail credit but do so without prejudice to Cooper filing within sixty days a legally sufficient motion under Florida Rule of Criminal Procedure 3.801.

Next, Cooper's motion to correct sentence based on his assertion that the trial court's written sentence fails to conform with its oral pronouncement is governed by Florida Rule of Criminal Procedure 3.800(a). See Williams v. State, 957 So. 2d 600, 605 (Fla. 2007) (concluding "that a discrepancy between oral and written sentence is cognizable in a rule 3.800(a) proceeding").

In his motion, Cooper asserts he took a "Global Deal" in his Miami-Dade County case for a five-year prison sentence which was to run concurrent with his Palm Beach County case. Likewise, his Palm Beach County case was to run concurrent with his Miami-Dade County case. Cooper further asserts that the Department of Correction has treated his Miami-Dade County sentence as consecutive because "concurrent" was not checked on his sentencing order.

A review of Cooper's motion to correct sentence reflects that he failed to provide the trial court with sufficient information to rule on his motion to correct sentence. Importantly, Cooper failed to provide the trial court with a copy of the sentencing transcript. Without a transcript, the trial court was unable to make a determination as to whether the written sentence fails to comport with its oral pronouncement. Moreover, Cooper did not provide the Miami-Dade County trial court with the case number of the Palm Beach

3

County case, which may be necessary to address Cooper's assertion. As such, we also affirm the trial court's denial of Cooper's motion to correct illegal sentence as legally insufficient but do so without prejudice to Cooper filing a legally sufficient motion within sixty days.

Affirmed without prejudice.