# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2023-2740
Lower Tribunal No. 13-CF-009878-A-OR

_____

BOBBY LEE SAVIORY,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

Appeal from the Circuit Court for Orange County.
Luis F. Calderon, Judge.

April 25, 2025

PER CURIAM.

    AFFIRMED.

STARGEL and WOZNIAK, JJ., concur.
TRAVER, C.J., concurs specially, with opinion.

_____

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED

_____

TRAVER, C.J., concurring specially.

I agree with the decision to affirm this appeal from a corrected written sentence, and I write to explain why Appellant, Bobby Lee Saviory, is not entitled to relief. In short, the trial court orally imposed a legal sentence against Saviory following a jury's 2014 verdict that he had committed attempted carjacking with a firearm (count one) and robbery with a firearm (count two).[1] A scrivener's error in the trial court's written sentence led Saviory to file a motion asserting his sentence on count one was illegal. A divided Fifth District decision reversed the postconviction court's summary denial of that motion, and a successor postconviction court misapprehended the Fifth District's remand instructions in the later proceeding. But Saviory had a legal sentence all along. The successor postconviction court thus did not err when it undertook the ministerial task to correct Saviory's sentencing paperwork, even if it incorrectly described its actions as a "resentencing."

Following Saviory's trial, the trial court's written judgment and sentence reflected that it had imposed a thirty-year prison sentence for count one—attempted armed carjacking, a second-degree felony punishable by up to fifteen years in prison. *See* §§ 812.133(2)(a), 777.04(1), (4)(c), Fla. Stat. (2013). These documents also

---

[1] The jury also found Saviory guilty of aggravated battery (count three), and the trial court imposed a legal sentence on that charge that bears no relevance to this appeal.

revealed a fifteen-year prison sentence for count two—robbery with a firearm, a first-degree felony punishable by up to life in prison. *Id.* § 812.13(2)(a). Saviory later moved to correct an illegal sentence under Florida Rule of Criminal Procedure 3.800(a), arguing that his sentence on count one exceeded the statutory maximum. The postconviction court summarily denied this motion, seemingly believing that the trial court had convicted Saviory of carjacking with a firearm, and not the lesser attempt-based crime.

Saviory appealed the denial, and the Fifth District "reverse[d] the summary denial and remand[ed] for further proceedings." *Saviory v. State*, 348 So. 3d 1206, 1207 (Fla. 5th DCA 2022). It disagreed with the postconviction court's rationale, concluding that Saviory's written sentence for attempted carjacking with a firearm was above the statutory maximum. *Id*. It then noted that the State's response asserted a different argument for affirmance—that the "orally pronounced sentences for counts I and II were transposed in the written sentences." *Id.* And the State had asked the Fifth District to correct the sentences on both counts. *Id.* (citing *State v. Akins*, 69 So. 3d 261, 269 (Fla. 2011) ("Generally, courts have held that a written order must conform to the oral pronouncement . . . because the written sentence is usually just a record of the actual sentence required to be pronounced in open court." (citation omitted))). The Fifth District declined this invitation, reasoning that "this argument was not raised below, and given the postconviction court's disposition, the

3

sentencing transcript is understandably not part of our record." *Id.* (citing Fla. R. App. P. 9.141(b)(2)(A)).

On remand, the successor postconviction court set a "status hearing," at which it ordered Saviory's presence. It announced that pursuant to the Fifth District's mandate, it was "going to conduct a resentencing to conform the sentence that [the trial court had] imposed." It explained that the Fifth District had "required [it] to resentence [Saviory] and to do so in [his] presence." The successor postconviction court did not appoint Saviory counsel, nor did Saviory request representation. After reviewing the sentencing transcript, the successor postconviction court then observed that the trial court had indeed made a simple scrivener's error—it had orally and legally sentenced Saviory to thirty years in prison on count one and fifteen years in prison on count two.[2] The successor postconviction court entered a revised judgment and sentence, *nunc pro tunc* to Saviory's original 2014 sentencing date. Saviory now appeals that sentence because he claims the successor postconviction court violated his fundamental right to counsel by not appointing him a lawyer at his "resentencing."

If the Fifth District had indeed mandated a resentencing proceeding, Saviory would have a meritorious argument. When ordered in the postconviction context,

---

[2] The successor postconviction court also imposed minimum mandatory sentences on counts one and two that Saviory does not challenge, perhaps because he has already served the time.

4

"resentencing is an entirely new, independent proceeding." *Taylor v. State*, 140 So. 3d 526, 529 (Fla. 2014). Accordingly, a defendant subject to resentencing must be afforded full due process considerations, including the right to counsel. *State v. Scott*, 439 So. 2d 219, 220–21 (Fla. 1983) (holding that once court determined that sentence was illegal, full panoply of due process considerations attached, and so defendant must be present at sentencing correction). Thus, "[a] defendant has a right to be present and to be represented by counsel at any resentencing proceeding from a rule 3.800(a) motion[.]"). *Jordan v. State*, 143 So. 3d 335, 338 (Fla. 2014) (quoting *Acosta v. State*, 46 So. 3d 1179, 1180 (Fla. 2d DCA 2010)).

But this is not what the Fifth District mandated, and regardless of its description, this is not what the successor postconviction court ultimately did. The Fifth District remanded for further proceedings on Saviory's rule 3.800(a) motion, which it concluded it could not resolve without the benefit of the trial court's sentencing transcript. *See Saviory*, 348 So. 3d at 1207. That is because "a trial court's 'oral pronouncement of a sentence controls over the written sentencing document.'" *Lovett v. State*, 395 So. 3d 1113, 1115 (Fla. 6th DCA 2024) (quoting *Williams v. State*, 957 So. 2d 600, 603 (Fla. 2007)). Thus, the successor postconviction court acted properly when it evaluated the sentencing transcript and concluded that it did not support Saviory's motion to correct illegal sentence. *See id*. At that point, though, the successor postconviction court should have denied

5

Saviory's motion, attached the sentencing transcript illustrating the scrivener's error to its order, and made the ministerial corrections necessary to correct the error. *See id.* Still, this was not a "resentencing" because the Fifth District did not order a resentencing, and Saviory was not entitled to one when the trial court imposed a legal sentence from the start.

For these reasons, I concur fully in the decision to affirm Saviory's corrected written sentence.

_____

Blair Allen, Public Defender, and Rachel Paige Roebuck, Assistant Public Defender, Bartow, for Appellant.

James Uthmeier, Attorney General, Tallahassee, and Douglas T. Squire, Assistant Attorney General, Daytona Beach, for Appellee.