ROTHENBERG, J.
The defendant, Anthony J. Gantt, appeals the trial court’s order denying him relief under rule 8.800(a), Florida Rules of Criminal Procedure. We affirm, without prejudice, to allow the defendant to seek relief pursuant to rule 3.850.
The defendant alleges that he is entitled to receive, and has not received, credit for the time he served in custody from January 18, 2007, until February 8, 2008. Although rule 3.800(a) would normally be the appropriate avenue to determine if the defendant is entitled to additional credit for time served, we conclude it is not in this case.
The defendant claims he was incarcerated in the Dade County Jail from January 18, 2007, until February 8, 2008, and then released on house arrest pending resolution of his two felony cases. On October 6, 2008, he entered into a negotiated plea, in which he pled guilty to the charges and was sentenced to two years of community control followed by three years of probation. On September 12, 2009, the defendant was arrested on a community control violation and remained in custody until September 24, 2009, upon which he entered into a negotiated plea of three years in state prison with credit for the twelve days he served in the county jail from September 12 to September 24, 2009. He claims he should have also received credit for the time he served from January 18, 2007, through February 8, 2008, which he computes as 386 days.
Rule 3.800(a) contemplates that the relief sought can be demonstrated on the face of the record without the necessity of an evidentiary hearing. See Renaud v. State, 926 So.2d 1241 (Fla.2006). In this case, although the record may demonstrate that the defendant was in fact incarcerated during the dates alleged, the record, by way of the clerk’s minutes, reflects that the trial court ordered that the defendant receive credit only from September 12, 2009, to September 24, 2009, which suggests that pursuant to the negotiated plea, the defendant agreed to receive only twelve days credit for time served and he waived the remainder. Because the court reporter is unable to provide a transcript of the proceedings, both the trial court and this Court are unable to determine from the face of the record whether the defendant is entitled to relief.
Because an evidentiary hearing, as well as a reconstruction of the record, is permitted under rule 3.850, and when the defendant filed his rule 3.800(a) motion a rule 3.850 motion would have been timely filed, we affirm the order denying relief pursuant to rule 3.800(a) without prejudice for the defendant to file a timely rule 3.850 motion. We caution the defendant that he has only two years from the date of his plea, September 27, 2009, to file a timely rule 3.850 motion for postconviction relief.
Based on the difficulty of an incarcerated defendant to take the necessary steps to submit a viable rule 3.850 motion under the circumstances in this case; the possibility that an evidentiary hearing will be necessary; the shortness of the time remaining; and the possibility that the defendant may be entitled to release, we instruct the trial court to appoint conflict-free counsel to represent the defendant and order that upon the filing of a rule 3.850 motion, the trial court expedite resolution of the motion.
Affirmed without prejudice, with instruction to appoint conflict-free counsel and to expedite proceedings.