PER CURIAM.
Appellant Davidson was charged with armed burglary of a dwelling. At trial, however, the judge instructed the jury only on burglary of a structure. The jury returned a verdict stating “the defendant is guilty of burglary.” At sentencing the judge utilized a scoresheet that listed burglary of a structure as a second degree felony. The judgment entered also reflects burglary of a structure as a second degree felony. Section 810.02(3), Florida Statutes, classifies burglary of a structure as a third degree felony, unless the structure is occupied or is a dwelling. Thus, the judgment must be corrected to reflect appellant’s burglary conviction as a third degree felony. Perry v. State, 362 So.2d 460 (Fla. 1st DCA 1978). Resentenc-ing will not be required since the error does not change either the recommended or permitted guideline range.*
It also appears that the written sentencing order in this ease includes a provision prohibiting appellant from participating in work release. Such a condition was not pronounced by the trial judge at sentencing, and accordingly must be deleted. Rowland v. State, 548 So.2d 812 (Fla. 1st DCA 1989).
Davidson has not shown abuse of discretion with regard to the trial judge’s ruling excluding certain testimony from his mother.
AFFIRMED in part and REVERSED in part, with instructions.
ALLEN, KAHN and MICKLE, JJ., concur.

 Davidson’s primary offense at conviction was unarmed robbery.