644 So.2d 356 (1994)
Oliver FREEMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 94-1273.
District Court of Appeal of Florida, First District.
November 14, 1994.
Oliver Freeman, appellant, pro se.
No appearance for appellee.
PER CURIAM.
In his Motion to Correct Illegal Sentence pursuant to Florida Rule of Criminal Procedure 3.800(a), appellant alleged a "no work release" condition, not orally pronounced at sentencing, was illegally included in the written sentencing order. The issue appellant raises is more appropriately considered in a proceeding pursuant to Florida Rule of Criminal Procedure 3.850; however, "[t]he courts have the authority to treat prisoner petitions as if the proper remedy were sought if it would be in the interest of justice to do so." Hall v. State, 643 So.2d 635 (Fla. 1st DCA 1994) (opinion on rehearing), citing Fenter v. State, 632 So.2d 685 (Fla. 2d DCA 1994). The trial court apparently treated appellant's motion as though it had been filed pursuant to rule 3.850, and inasmuch as the motion appears to meet the requirements of that rule, was made under oath, and was timely filed, we review it as such.
In its order denying appellant's motion, the trial court stated that the "no work release" order "did not amount to an imposition of a new or greater punishment at variance with the court's oral pronouncement," in that work release involves a trust or privilege rather than a punishment. Recently, this court determined that a written sentencing order which included a provision preventing participation in work release did not conform to the orally pronounced sentence, and that provision had to be deleted. Davidson v. State, 641 So.2d 930 (Fla. 1st DCA 1994). Accordingly, the order under review is reversed and remanded for further proceedings consistent with Davidson.
ERVIN, JOANOS and BARFIELD, JJ., concur.