670 So.2d 1143 (1996)
Glenn Galvin FARMER, Appellant,
v.
STATE of Florida, Appellee.
No. 95-701.
District Court of Appeal of Florida, First District.
April 1, 1996.
Rehearing Denied April 19, 1996.
Nancy A. Daniels, Public Defender; Carl S. McGinnes, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; Daniel A. David, Assistant Attorney General, Tallahassee, for Appellee.
*1144 PER CURIAM.
Glenn Galvin Farmer, who, following his guilty plea to three counts of burglary of a dwelling and three counts of grand theft in three separate cases, was sentenced to concurrent sentences of three and one-half years in prison followed by two years probation, appeals the sentences imposed upon revocation of his probation. We affirm in part, reverse in part, and remand.
Farmer first contends that the trial court was without jurisdiction to impose a 30-year habitual felony offender sentence for one of the 1991 burglary offenses in circuit court Case No. 91-268, because his sentence for that offense had expired and he was not on probation for that offense when he admittedly committed technical violations of his probation conditions. Farmer argues that the 1991 written judgment and sentence did not reflect the parties' plea agreement nor was it consistent with the oral pronouncement of sentence at that time. We find that the transcript of the plea and sentencing hearing is confusing and subject to differing interpretations. Nevertheless, the 1991 written judgment and sentence, which is valid on its face and was not appealed, plainly provides that, for each count to which Farmer pled (including the burglary offense which is at issue herein), he would be sentenced to three and one-half years in prison followed by two years probation. Thus, upon violation of the conditions of that probation, the trial court could impose a new sentence for the burglary offense.[1]
Next, Farmer contends, and the state concedes, that the trial court erred in entering a written sentencing order which differed from the orally announced sentence. Upon revocation of probation, the trial court orally announced the sentence to be 30 years in prison as a habitual felony offender for burglary in circuit court Case No. 90-5263, and five-year sentences for all the other offenses. The written sentence, however, reflects 30-year sentences for the burglary charges in circuit court Case Nos. 90-5264 and 91-268 as well. The trial court's oral pronouncement controls over the subsequent written sentence. Freeman v. State, 644 So.2d 356 (Fla. 1st DCA 1994). Upon remand, there is no necessity for Farmer to be present for correction of the judgment and sentence, as this will merely be a ministerial act. Bridgewater v. State, 668 So.2d 1092 (Fla. 1st DCA 1996) (no new sentencing hearing is required, nor need the defendant be present in court for the merely clerical or ministerial function of entering a written order conforming to the oral pronouncement of the court).
REVERSED and REMANDED for proceedings consistent with this opinion.
JOANOS, WOLF AND VAN NORTWICK, JJ., concur.
NOTES
[1] Our affirmance on this point is without prejudice to Farmer raising these matters in a motion for post-conviction relief, which is the appropriate vehicle for seeking a factual determination as to whether the judgment and sentence imposed in 1991 validly gave the trial court jurisdiction to impose the new 30-year sentence. However, Farmer's motion must comply with the timeliness and other requirements of Rule 3.850, Florida Rules of Criminal Procedure, or other applicable rule, and we do not here determine whether Farmer can meet such requirements. In the event Farmer files such a motion, it will be for the trial court to determine whether the motion complies with the applicable rule or rules.