SHARP, W., Judge.
We affirm Cox’s convictions and sentences for possession of burglary tools,[1] possession of cocaine,[2] possession of marijuana,[3] posses *26 sion of drug paraphernalia,[4] and loitering and prowling.[5] The trial court orally sentenced him to time served on the misdemeanors and to three years on probation for the two felonies. However, there are problems with the written order of probation in this case, and we remand this cause to the trial court for correction and clarification.
The written order of probation does not specify the period of time Cox is placed on probation, and thus does not conform to the trial court’s oral pronouncement of three years. On remand, the trial court shall enter a corrected order which conforms to the oral pronouncements. See Drumwright v. State, 572 So.2d 1029 (Fla. 5th DCA 1991). Cox’s presence is not necessary for this ministerial act. See Farmer v. State, 670 So.2d 1143 (Fla. 1st DCA 1996).
The order also contains a payment requirement to First Step, Inc. This requirement is stricken because the probation order was rendered prior to the effective date of the amended statute, which authorizes such fees. See Tibero v. State, 646 So.2d 213 (Fla. 5th DCA 1994); Ch. 95-189, § 1, Laws of Fla.
AFFIRMED in part; REMANDED for Correction of Probation Order.
HARRIS and GOSHORN, JJ., concur.

. § 810.06, Fla. Stat.

. § 893.03, Fla. Stat.

. § 893.13, Fla. Stat.

. § 893.145, Fla. Stat.

. § 856.021, Fla. Stat.