917 So.2d 340 (2005)
Raymond CLAUDIO, Appellant,
v.
David SHOAR, Sheriff of St. Johns County, Appellee.
No. 5D05-499.
District Court of Appeal of Florida, Fifth District.
December 23, 2005.
*341 Raymond Claudio, St. Augustine, Pro Se.
No Appearance for Appellee.
ORFINGER, J.
Raymond Claudio appeals the trial court's denial of his petition for writ of mandamus. Claudio argues that under section 951.24, Florida Statutes (2005), the trial court is authorized to grant work release as part of a defendant's sentence, and that the St. Johns County Sheriff is not authorized to adopt rules regulating eligibility for participation in the work release program. This Court has jurisdiction. Fla. R.App. P. 9.030(b)(1)(A). We affirm.
In accordance with a plea agreement, Claudio was sentenced to 364 days in the St. Johns County jail, with the possibility of participating in the work release program if he met the criteria. While in jail, Claudio submitted two inmate request forms, inquiring about the eligibility criteria for the work release program. Claudio was told that he was not eligible for work release because he had not been a resident of St. Johns County for six months prior to his arrest. Claudio claims he was also told that he must serve at least half of his sentence before he would be eligible for work release.
Claudio then filed a grievance, appealing his denial of work release. Before receiving an answer to his grievance, Claudio filed a petition seeking a writ of mandamus, claiming that St. Johns County's eligibility requirements violated section 951.24, Florida Statutes (2005).[1] Claudio also argued that the Sheriff was not authorized under section 951.24 to exclude him from the work release program. The trial court denied Claudio's petition, concluding that "the work release program is a privilege, not a right. The Sheriff is entitled to set standards which he believes is reasonable. The standard which requires a work release participant be a resident of the county is reasonable." This appeal follows.
"[M]andamus may be used only to enforce a clear and certain right; it may not be used to establish such a right, but only to enforce a right already clearly and certainly established in the law." Milanick v. Town of Beverly Beach, 820 So.2d 317, 320 (Fla. 5th DCA 2001) (citing Fla. League of Cities v. Smith, 607 So.2d 397, 400-01 (Fla.1992)). In this case, Claudio had no right to work release. Section 951.24(2)(a), Florida Statutes (2005), governing work release programs, provides, in pertinent part:
(2)(a) Whenever punishment by imprisonment in the county jail is prescribed, *342 the sentencing court, in its discretion, may at any time during the sentence consider granting the privilege to the prisoner to leave the confines of the jail or county facility during necessary and reasonable hours, subject to the rules and regulations prescribed by the court, to work at paid employment, conduct his own business or profession, or participate in an educational or vocational training program, while continuing as an inmate of the county facility in which he shall be confined except during the period of his authorized release.
(Emphasis added); see also Freeman v. State, 644 So.2d 356, 356 (Fla. 1st DCA 1994) (holding "work release involves a trust or privilege"). Because participation in a work release program is a privilege, not a right, it follows that mandamus is not an available remedy.
AFFIRMED.
PLEUS, C.J., and GRIFFIN, J., concur.
NOTES
[1] Claudio's failure to exhaust his administrative remedies is also fatal to his claim. See Henderson v. Crosby, 891 So.2d 1180 (Fla. 2d DCA 2005); Riddell v. Fla. Dep't of Corr., 538 So.2d 132, 133 (Fla. 1st DCA 1989) (holding that each ground raised in a petition for extraordinary relief must first be presented to and addressed by the administrative agency).