MAY, C.J.
 

 The defendant appeals his conviction and sentence for delivery of cocaine. He argues the court erred in two ways: (1) denying his motion for judgment of acquittal; and (2) entering a sentencing order that did not conform to the court’s oral pronouncement. We find no error in the denial of the defendant’s motion for judgment of acquittal, but agree that the sentencing order fails to conform to the court’s oral pronouncement. We therefore affirm in part and reverse in part.
 

 After the jury returned a guilty verdict on the delivery of cocaine charge, the trial court adjudicated the defendant guilty, and sentenced him as a habitual felony offender. The trial court orally pronounced the sentence as seven years of prison, followed by eight months of probation. The written sentencing order, however, indicated eight years rather than eight months of probation.
 
 [1]
 

 “[A] court’s oral pronouncement of a sentence controls over the written sentencing document. When the written document results in a sentence that is more severe than the sentence announced in court, ...” the sentence is illegal.
 
 Williams v. State,
 
 957 So.2d 600, 603 (Fla. 2007).
 

 Here, the written sentence reflects an eight-year term of probation to follow the term of imprisonment, but the trial transcript reflects an oral pronouncement of seven years imprisonment followed by eight months of probation. The oral sentence is not ambiguous. Nevertheless, the State does not concede error. It contends the trial court either misspoke or the transcript is wrong because, later that day, the trial court sentenced a defendant in another case to a term of imprisonment followed by eight years of probation to be served concurrently.
 

 Notwithstanding the State’s alternative theories, “[wjhere there is no ambiguity in the trial court’s oral pronouncement, the sentencing order must be corrected to reflect the oral pronouncement. Only where there is an ambiguity in the oral pronouncement is there a need for the court to make a factual determination before making the correction.”
 
 Moreland v. State,
 
 853 So.2d 574, 575 (Fla. 4th DCA 2003). Here, there is no ambiguity.
 

 We therefore reverse the sentence and remand the case to the trial court to conform the written sentence to the oral pronouncement.
 

 Affirmed in part; Reversed in part and Remanded.
 

 HAZOURI and DAMOORGIAN, JJ., concur.
 

 [1]
 

 . The defendant filed a Motion to Correct Sentencing Error, pursuant to Florida Rule of Criminal Procedure 3.800(b)(2). Because the trial court failed to rule on the motion within sixty days, it is considered denied. Fla. R.Crim. P. 3.800(b)(1)(B).