DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ELTON NAVARE ALLEN TAYLOR,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D18-959

[July 31, 2019]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Laura S. Johnson, Judge; L.T. Case No. 50-2013-CF-011180-AXXX-MB.

Carey Haughwout, Public Defender, and Tatjana Ostapoff, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Luke R. Napodano, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Appellant appeals his conviction for first-degree murder, false imprisonment, burglary, three counts of aggravated assault, and possession of a firearm by a felon. He is currently serving two consecutive life sentences, four consecutive five-year sentences, and a consecutive fifteen-year sentence. Appellant raises a number of issues on appeal regarding the introduction of evidence pertaining to a restraining order the victim had against him, improper closing arguments, and the denial of a requested jury instruction. We find these arguments to be without merit and affirm appellant's convictions without further discussion.

However, we reverse for the trial court to correct an error in appellant's sentence. During its sentencing pronouncement, the trial court did not specify whether the aggravated assault sentences were to run concurrently or consecutively to one another, but it then issued a written sentence indicating that they were to run consecutively. Appellant preserved the issue by filing a motion to correct sentencing error.

Sentences for offenses charged in the same indictment must be served "concurrently unless the court directs that two or more of the sentences be served consecutively." § 921.16(1), Fla. Stat. (2018). Additionally, a trial court's written sentence must conform to its orally pronounced sentence. *See Marshall v. State*, 78 So. 3d 72, 73 (Fla. 4th DCA 2012).[1] As such, we reverse and remand for the trial court to correct its written sentence to comply with its orally pronounced sentence and section 921.16, Florida Statutes.

*Affirmed in part, reversed in part, and remanded.*

LEVINE, C.J., KUNTZ, J., and BOATWRIGHT, JOE, Associate Judge, concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

---

[1] It appears from the record that the trial court attempted to remedy this sentencing error but did not rule on appellant's motion to correct sentencing within the allotted time.