DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**PETER JOHN DIMITRION,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2023-2259

[December 4, 2024]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Martin County; William L. Roby, Judge; L.T. Case No. 432023CF000125.

Carey Haughwout, Public Defender, and Ian Seldin, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Anesha Worthy, Senior Assistant Attorney General, West Palm Beach, for appellee.

KLINGENSMITH, C.J.

Defendant Peter John Dimitrion appeals the judgment of conviction and sentence entered by the trial court after Defendant entered a negotiated plea agreement with the State for failure of a sexual offender to report a change of residence with the sheriff's office. While Defendant's appeal was pending, he filed a motion to correct sentencing errors under Florida Rule of Criminal Procedure 3.800(b)(2), which was deemed denied after the trial court did not issue its ruling on the motion within sixty days. *See* Fla. R. Crim. P. 3.800(b)(2)(B). Defendant raises three issues on appeal that he also raised in his rule 3.800(b)(2) motion. We find merit in all three issues raised. For the reasons set forth below, we affirm Defendant's conviction and sentence in part and reverse in part.

After the trial court had accepted Defendant's guilty plea as to the count involving failure to report, the State agreed to nolle prosse the second count against Defendant in this case as well as a separate case. The trial court adjudicated Defendant guilty of failure to report vacating his residence, orally pronounced a sentence of 41.625 months' imprisonment,

and imposed a $50 assessment for sheriff's investigative costs, among other things, without objection from defense counsel.

In an appeal of an order denying a motion to correct sentencing error, our review is de novo. *Willard v. State*, 22 So. 3d 864, 864 (Fla. 4th DCA 2009).

First, Defendant claims error because the trial court orally sentenced him to 41.625 months imprisonment, but the written sentencing order states that he was sentenced to 41.63 months imprisonment. "'[A] court's oral pronouncement of a sentence controls over the written sentencing document. When the written document results in a sentence that is more severe than the sentence announced in court, . . .' the sentence is illegal." *Marshall v. State*, 78 So. 3d 72, 73 (Fla. 4th DCA 2012) (quoting *Williams v. State*, 957 So. 2d 600, 603 (Fla. 2007)). Defendant argues—and the State agrees—that remand is required for the trial court to correct its written sentence so that the written sentence conforms with the oral pronouncement. We agree and remand for the trial court to correct the written sentence. Defendant need not be present when this correction is made because the trial court's correction of the error is a purely ministerial act. *See Frost v. State*, 769 So. 2d 443, 444 (Fla. 1st DCA 2000) (citing *Farmer v. State*, 670 So. 2d 1143, 1144 (Fla. 1st DCA 1996) (remanding for the trial court to correct a discrepancy between its oral pronouncement and written sentence but explaining that the defendant need not be present for the correction).

Next, Defendant claims error because the trial court improperly imposed the $50 investigative costs. "Imposing costs of prosecution involves a question of statutory interpretation, which is reviewed de novo." *Taylor v. State*, 352 So. 3d 346, 348 (Fla. 4th DCA 2022) (quoting *Bevans v. State*, 291 So. 3d 591, 593 (Fla. 4th DCA 2020)). Section 938.27(1), Florida Statutes (2023), provides that, in all criminal cases, "convicted persons are liable for payment of the costs of prosecution, including investigative costs incurred by law enforcement agencies . . . *if requested by such agencies*." (emphasis added). A prosecutor cannot seek costs on behalf of an agency without that agency's request. *Goldsmith v. State*, 383 So. 3d 518, 524 (Fla. 4th DCA 2024) (citing *Taylor*, 352 So. 3d at 349).

Defendant argues the trial court erred by imposing a $50 assessment for sheriff's investigative costs because the prosecutor, not the sheriff's office, requested the imposition of the costs. The State does not claim that the sheriff's office requested the imposition of the investigative costs, nor does the record demonstrate that the sheriff's office requested the imposition of those costs. Additionally, no evidence in the record supports

2

the amount of the investigative costs. *See Jackson v. State*, 137 So. 3d 470, 472 (Fla. 4th DCA 2014) (citing *Phillips v. State*, 942 So. 2d 1042, 1044 (Fla. 2d DCA 2006)) ("[T]he court cannot impose such investigative costs without evidence of the amount of the costs."). Thus, we reverse the $50 investigative costs and remand this matter to the trial court to either strike these costs or reimpose them "upon the requesting party's submission of competent substantial evidence to support them." *Jenkins v. State*, 332 So. 3d 1013, 1019 (Fla. 4th DCA 2022) (quoting *Icon v. State*, 322 So. 3d 117, 119 (Fla. 4th DCA 2021)); *Goldsmith*, 383 So. 3d at 525 (holding that investigative costs were erroneously imposed in part because the record did not reflect that the appropriate agency requested the costs, but remanding for the trial court to determine whether to assess the costs).

Finally, Defendant asserts the trial court erred by failing to order the correction of two scrivener's errors in the change of plea transcript. A defendant may properly raise a scrivener's error in a transcript on direct appeal. *See Owen v. State*, 986 So. 2d 534, 551 n.13 (Fla. 2008). "A court reporter's error in a transcript is akin to those errors we consider to be scrivener's errors when made in the records of a court by the mistake of a court employee." *Blocker v. State*, 968 So. 2d 686, 692 (Fla. 2d DCA 2007). During Defendant's sentencing, the trial court directed the State to announce its decision to nolle prosse the charges not subject to the guilty plea. The transcript of the change of plea hearing reveals that the State represented to the trial court that, as part of the plea agreement, it would nolle prosse both count two and a separate case against Defendant. The felony plea form also represents that the State agreed to nolle prosse these two matters. However, according to the transcript, the State announced, "State will **not** nolle pros [sic] in 4322CF957. And then the state will **not** nolle pros [sic] as to count two in this case . . . ." The State concedes that these two instances of including the word "not" are errors in the transcript.

Defendant argues this Court should remand with directions to the trial court to enter an order requiring the transcriptionist to correct these two typographical errors that appear in the change of plea transcript, and the State agrees. Given the State's previous representations during the change of plea hearing, and the contents of the felony plea form, the word "not" appearing in these parts of the transcript is clearly a typographical error. As a result, we remand to the trial court for correction of these two scrivener's errors in the transcript. *See Blocker*, 968 So. 2d at 692; *Owen*, 986 So. 2d at 551 n.13.

In sum, we affirm Defendant's conviction and sentence in part, and reverse in part and remand for the trial court to: (1) correct the discrepancy between its oral pronouncement of Defendant's sentence and the written

sentence; (2) determine whether to strike the $50 costs of investigation or reimpose them; and (3) order the correction of the two scrivener's errors in the change of plea transcript.

*Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.*

CONNER and KUNTZ, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***