DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**RUBEN GONZALEZ GARCIA,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2025-0471

[September 3, 2025]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Michael Lynch, Judge; L.T. Case No. 12-017827 CF10A.

Lindsay Chase of The Law Office of Lindsay Chase P.L.L.C., Hollywood, for appellant.

James Uthmeier, Attorney General, Tallahassee, and Zi Jin Peter Chan, Assistant Attorney General, West Palm Beach, for appellee.

CIKLIN, J.

This appeal arises out of the probation portion of a split sentence which the appellant received upon his no contest plea to aggravated child abuse and child abuse, reduced from the charged offenses of sexual battery and lewd or lascivious conduct. The appellant argues that clarification was required because the written sentence did not comport with the oral pronouncement. We agree and reverse.

After his release from prison, the appellant moved to clarify his sentence, alleging that he had successfully completed a sex offender treatment program that was a condition of his probation but that his probation officer "is now attempting to enforce additional sex offender-specific restrictions" that were not part of the plea agreement and not announced at sentencing. He also alleged that clarification was required due to an apparent conflict between the written sentence and oral pronouncement.

In denying the motion, the trial court adopted the state's response, wherein the state treated the motion as one brought pursuant to Florida

Rule of Criminal Procedure 3.800(a) and asserted, among other things, that no conflict existed between the oral pronouncement and written sentence. *See Ruiz v. State*, 927 So. 2d 162, 163 (Fla. 3d DCA 2006) (recognizing that "the defendant's motion for clarification is, in essence, a motion to correct an illegal sentence"). To the extent the trial court denied the appellant's rule 3.800(a) motion for clarification, we have jurisdiction of the appeal from that denial. *See* Florida Rule of Appellate Procedure 9.140(b)(1)(D).

The appeal has merit. The appellant was not sentenced to sex offender probation. Instead, he was sentenced to generic probation but with special conditions related to sex offenders, such as successful completion of sex offender treatment and no contact with the victims and underage children, among other announced conditions pursuant to the plea agreement. Indeed, the written sentencing orders do not check off the "sex offender probation" boxes.

The written order of probation imposes the special condition that the appellant "follow all sex offender rules." To the extent that language was intended to *impose sex offender probation*, it conflicted with the absence of such an imposition in the oral pronouncement of sentence. *See Marshall v. State*, 78 So. 3d 72, 73 (Fla. 4th DCA 2012) ("'When the written document results in a sentence that is more severe than the sentence announced in court, . . .' the sentence is illegal." (alteration in original) (quoting *Williams v. State*, 957 So. 2d 600, 603 (Fla. 2007))).

Although we are loath to speculate, the language "follow all sex offender rules" may have referred to a form which the appellant had signed, directing him to comply with conditions related to the sex offender treatment program that was imposed pursuant to the plea agreement. But the language "follow all sex offender rules" is broader than what is reflected in the form, which relates only to the sex offender treatment program. Further, an exchange between the trial court and the defendant relating to the signed form did not indicate the trial court was imposing sex offender probation.

Based on the foregoing, we reverse and remand for the trial court to conform the written sentence to the oral pronouncement by striking from the written sentencing order the directive that the appellant "follow all sex offender rules."

*Reversed and remanded with instructions.*

KUNTZ, C.J., and LEVINE, J., concur.

2

*          *          *

*Not final until disposition of timely filed motion for rehearing.*