ALTENBERND, Judge.
Gloria Tawnda Garvin appeals the order that partially granted and partially denied her postconviction motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a) alleging that her sentence was illegal. We affirm the order except for its denial of relief regarding the condition of probation requiring the payment of restitution.
Ms. Garvin entered an open plea in two cases, case number 2007-CF-4103 and case number 2008-CF-2243. The 2007 case involved fleeing and eluding as a second-degree felony[1] and felony petit theft as a third-degree felony.[2] The 2008 case involved another felony petit theft. At sentencing in April 2009, the trial court imposed concurrent terms of five years’ imprisonment for each of these three felonies. For the fleeing and eluding in case number 2007-CF-4103, the court imposed a split sentence by including a four-year term of probation.
Ms. Garvin did not appeal these sentences. Instead, more than two years later, she filed a motion claiming that her order of probation is illegal. She objected to several special conditions of probation. The trial court provided relief on one of those conditions, but it denied relief on all of the rest. The only issue that concerns this court is Ms. Garvin’s claim that restitution in the 2008 case was made a special condition of probation in the 2007 case. She claims that there is an insufficient relationship between the offenses for restitution in the latter case to be a condition of probation in the former case. See Ochoa v. State, 596 So.2d 515 (Fla. 2d DCA 1992).
We decline to decide whether such a condition of probation would constitute an illegal sentence for purposes of a motion filed pursuant to rule 3.800(a). In reviewing the record, it is clear that the written order of probation does not conform to the oral pronouncement. The assistant state attorney at the sentencing hearing brought up this restitution as “one other thing.” He asked that the restitution of $570 be reduced to judgment. When sentencing Ms. Garvin, the trial court imposed the terms of imprisonment and then recited the special conditions of probation. At the end, the court resolved the “one other thing” by stating: ‘You will have to pay restitution in the amount of $570 to [the victim] in case number 2008-CF-2243.” The clerk who prepared the order of probation simply misunderstood the trial judge and added the restitution as the final special condition of probation in case number 2007-CF-4103.
The oral pronouncement of sentence controls over the written sentence, and a discrepancy between the two can be addressed by a motion to correct illegal sentence. See Watts v. State, 790 So.2d 1175, 1176 (Fla. 2d DCA 2001). Accordingly, we reverse the order on appeal. On remand, the trial court shall correct the order of probation to remove the special condition concerning restitution. In the event that the restitution was not reduced to judgment, the trial court has the authority to enter that order.
Affirmed in part, reversed in part, and remanded.
CASANUEVA and DAVIS, JJ., Concur.

. See § 316.1935(3)(a), Fla. Stat. (2007).

. See § 812.014(3)(c), Fla. Stat. (2007).