PER CURIAM.
Jose A. Gonzalez appeals the order summarily denying his motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. On April 15, 2003, Gonzalez entered no contest pleas in Volusia County Circuit Court case numbers 02-35230 and 03-00023. Gonzalez was adjudicated guilty of three lewd and lascivious battery offenses and was sentenced to a total of 13 years’ incarceration to be followed by 15 years of probation. Gonzalez was also designated a sexual predator. Gonzalez filed a rule 3.850 motion on August 9, 2004, and the circuit court *1195 entered an order denying relief on August 11, 2004.
Gonzalez raised four grounds in his rule 3.850 motion. Three of the four grounds were either conclusively refuted by the record or not cognizable in a rule 3.850 motion. However, as to ground three, Gonzalez alleged that he received an unlawful sentence. We find that claim was not conclusively refuted by the record.
Gonzalez, in ground three, asserted that his no contest pleas were illegal because he agreed to a split sentence that exceeded the statutory maximum penalty for lewd and lascivious battery, a second degree felony. Gonzalez maintained that he agreed to a sentence of 13 years’ incarceration followed by 15 years of probation. To refute Gonzalez’s assertion, the circuit court attached a copy of the plea hearing transcript showing that the court intended to impose 13 years’ incarceration on one lewd and lascivious battery offense and then 15 years’ probation for the two remaining lewd and lascivious batteries.
Although the court’s intent was clearly shown by the transcript, the appendix to the State’s response contains a copy of the written sentence in case number 02-35230, which makes it evident that the court’s intent was not reflected in the actual sentence imposed.[1] On count one, Gonzalez was sentenced to 13 years’ incarceration followed by 15 years of probation. As to that count, the sentence exceeds the 15-year statutory maximum penalty. See § 775.082(3)(c), Fla. Stat. (2004). A sentence that exceeds the maximum penalty authorized by law provides a basis for posteonviction relief. See Fla. R.Crim. P. 3.850(a)(4). The relief to which Gonzalez is entitled is not, however, to have his plea set aside as he claims. Rather, the written sentence must be corrected to conform to the sentence contemplated at the plea hearing.
The order denying postconviction relief is reversed as to ground three, and the case is remanded to the trial court to correct the written sentence.
AFFIRMED in part, REVERSED in part, and REMANDED.
SAWAYA, C.J., GRIFFIN and PLEUS, JJ., concur.

. The written sentence erroneously lists the case number as 02-32530.