927 So.2d 248 (2006)
Alberto GUERRA, Appellant,
v.
STATE of Florida, Appellee.
No. 2D05-2401.
District Court of Appeal of Florida, Second District.
May 5, 2006.
*249 STRINGER, Judge.
Alberto Guerra appeals the denial of his motion to correct jail credit filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We reverse and remand for further proceedings.
Guerra claims that his written sentencing order does not conform to the trial court's oral pronouncement of sentence. Specifically, Guerra alleges the written sentencing order does not reflect the amount of jail credit that the trial court awarded in its oral pronouncement of sentence. Such claim is cognizable under rule 3.800(a). Hunter v. State, 846 So.2d 1227, 1228 (Fla. 2d DCA 2003); Watts v. State, 790 So.2d 1175, 1176 (Fla. 2d DCA 2001); Williams v. State, 744 So.2d 1156, 1156 (Fla. 2d DCA 1999). If a discrepancy exists between the written sentence and the oral pronouncement, the written sentence must be corrected to conform to the oral pronouncement. Ashley v. State, 850 So.2d 1265, 1268 (Fla.2003).
In denying Guerra's motion, the postconviction court appears to have ruled that Guerra was not entitled to the specific credit requested. The postconviction court did not address the issue of whether the written sentence conformed to the oral pronouncement, and our record does not contain the transcript of the sentencing hearing. Therefore, we reverse and remand for the postconviction court to review the record and determine whether there is a discrepancy between the oral pronouncement and the written sentencing order. Watts, 790 So.2d at 1176; Williams, 744 So.2d at 1156. If a discrepancy exists, the written sentence must be corrected to conform to the oral pronouncement. Id. If the postconviction court again denies Guerra's claim, it must attach those portions of the record that conclusively refute the allegation. Id.
Reversed and remanded.
SILBERMAN and CANADY, JJ., Concur.