PER CURIAM.
Appellant challenges the summary denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Because the record does not conclusively refute his claim of entitlement to additional jail credit, we reverse.
Appellant alleges that he is entitled to 254 days of jail credit, but that his written judgment reflects only 224 days of credit. Where a written discrepancy exists as to the amount of jail credit an appellant was awarded during the oral pronouncement of his sentence, the sentencing order must be corrected to reflect the oral pronouncement. See Guerra v. State, 927 So.2d 248 (Fla. 2d DCA 2006). The trial court denied the appellant’s motion on the basis that appellant was only entitled to 220 days of credit. However, the trial court failed to attach portions of the record demonstrating that the trial court made a clerical error in orally pronouncing appellant was entitled to 254 days of jail credit.
We reverse the trial court’s summary denial of appellant’s motion and remand for record attachments conclusively refuting appellant’s claim or for the award of additional jail credit, as the record dictates.
REVERSED and REMANDED, with directions.
WEBSTER, DAVIS, and HAWKES, JJ., concur.