PALMER, J.
Kevin Wayne White (defendant) appeals the trial court’s order summarily denying his amended motion for post-conviction relief, filed pursuant to rule 3.850 of the Florida Rules of Criminal Procedure. Determining that the trial court erred in denying one of the grounds raised, we affirm in part and reverse in part.
The defendant pled guilty to the charges of robbery with a deadly weapon[1] and fleeing to elude law enforcement officers at high speed.[2] In a separate case, he pled guilty to a second charge of robbery with a deadly weapon. He negotiated a plea with the State which provided, in paragraph 5, that the prosecution was recommending a “cap of ten years concurrent on both cases.” The written plea agreement further provided: “I understand that, in addition to the terms in paragraph 5, I might also be placed on probation.” The trial court accepted the defendant’s plea and sentenced him to concurrent sentences of 86 months’ imprisonment followed by 15 years’ probation on each robbery count, and to 86 months’ imprisonment on the fleeing count. No direct appeal was filed.
*346 The defendant timely filed a rule 3.850 motion raising the following claims for relief: (1) his plea was involuntary, as the trial court violated the 10-year cap set forth in the plea agreement; (2) trial counsel was ineffective for failing to move to withdraw the defendant’s plea after the trial court violated the 10-year cap; and (3) his sentence was illegal as the trial court failed to award him the proper amount of jail credit. The trial court summarily denied the defendant’s motion. This appeal timely followed.
The defendant’s first claim was that his plea was involuntary because the sentence imposed by the trial court violated the cap set forth in the plea agreement. This claim was waived for purposes of receiving post-conviction relief because the defendant failed to file a motion to withdraw his plea. Barnhill v. State, 828 So.2d 405 (Fla. 5th DCA 2002).
The defendant’s second claim was that his trial counsel was ineffective for failing to move to withdraw his plea after the trial court violated the terms of the plea agreement. This claim lacks merit. Consistent with the mandate set forth in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Florida Supreme Court has held that a defendant alleging ineffective assistance of counsel must prove both deficient performance and prejudice. Maxwell v. Wainwright, 490 So.2d 927, 932 (Fla.1986) (citations omitted). A motion to withdraw the defendant’s plea would not have been successful because the terms of the defendant’s sentence were consistent with the terms of his plea agreement. In that regard, the plea provided for a 10-year cap on imprisonment with the express possibility that probation could be imposed in addition to a term of imprisonment.
Next, the defendant contended that his sentence was illegal because he did not receive the correct amount of jail credit. He claimed entitlement to 309 days of jail credit instead of the 241 days credited to him.
At sentencing, the trial court orally pronounced, “you will be given credit in this case where you’ve been incarcerated for a considerable period of time of 309 days subtracted from any periods of incarceration[.j” The written sentence conflicts with the oral pronouncement which states: “It is further ordered that the defendant shall be allowed a total of 241 Day(s) as credit for time incarcerated before imposition of this sentence.” The trial court’s summary denial of this claim is reversed and, on remand, the trial court is instructed to address the apparent conflict between the oral pronouncement and the written sentence. See Guerra v. State, 927 So.2d 248, 249 (Fla. 2d DCA 2006) (“The postconviction court did not address the issue of whether the written sentence conformed to the oral pronouncement!)] ... Therefore, we reverse and remand for the postconviction court to review the record and determine whether there is a discrepancy between the oral pronouncement and the written sentencing order. If a discrepancy exists, the written sentence must be corrected to conform to the oral pronouncement.”)
The defendant’s motion lastly alleged that defense counsel was ineffective for failing to challenge the sufficiency of the evidence. The claim was not timely raised, therefore, we affirm the summary denial of same. See Zeigler v. State, 632 So.2d 48, 50 (Fla.1993), cert. denied, 513 U.S. 830, 115 S.Ct. 104, 130 L.Ed.2d 52 (1994) (“Motions pursuant to rule 3.850 will not be considered ‘if filed more than 2 years after the judgment and sentence be *347 come final.”) (quoting Fla. R. Crim. P. 3.850(b)).
AFFIRMED in part; REVERSED in part; REMANDED.
COHEN and WALLIS, JJ., concur.

. § 812.13, Fla. Stat. (2008).

. § 316.1935, Fla. Stat. (2008).