PER CURIAM.
Andrea Walker appeals the order denying his motion for postconviction relief filed under Florida Rule of Criminal Procedure 3.850. We affirm the denial of ground one without comment. Because the court failed to address ground two, we reverse and remand for further proceedings.
In ground two of his motion, Mr. Walker alleged his sentences are illegal because they exceed the statutory maximum. Mr. Walker contended that he must be allowed to withdraw his plea or be resentenced. This is a cognizable claim in a motion for postconviction relief. See Fla. R.Crim. P. 3.850(a)(4); Gonzalez v. State, 890 So.2d 1194 (Fla. 5th DCA 2005). In addressing Mr. Walker’s motion, the postconviction court failed to address this claim. Such an omission is reversible error. See, e.g., Gore v. State, 100 So.3d 177, 178 (Fla. 2d DCA 2012).
Mr. Walker pleaded guilty to three counts of lewd and lascivious conduct and one count of lewd or lascivious molestation, all second-degree felonies. See § 800.04(5)(c)(2), (6)(b), Fla. Stat. (2011). The trial court orally imposed concurrent terms of ten years’ imprisonment on counts one and two and ten years’ sex offender probation with ten years’ imprisonment suspended on counts three and four. However, the written judgment and sentence reflect sentences of ten years’ imprisonment followed by ten years’ probation on counts one and two. This discrepancy is a scrivener’s error in the preparation of the written document, as opposed to a sentence that exceeds the statutory maximum. See Fla. R.Crim. P. 3.800 court cmt.; Ashley v. State, 850 So.2d 1265, 1268 n. 3 (Fla.2003) (defining a scrivener’s error as “ ‘a mistake in the written sentence that is at variance with the oral pronouncement of sentence or the record but not those errors that are the result of a judicial determination or error’ ” (citation omitted)); see also Betts v. State, 128 So.3d 158, 158 (Fla. 2d DCA 2013). Additionally, the sentences on counts three and four are not illegal because they are true split sentences. See Powers v. State, 51 So.3d 514, 515 (Fla. 2d DCA 2010) (characterizing the suspended portion of a true split sentence as a predetermined sanction for a violation of probation).
Because the error pointed to by Mr. Walker is a scrivener’s error, he is not entitled to withdraw his plea or to be resentenced. He is, however, entitled to have his written sentence corrected to conform to the oral pronouncement. See Guerra v. State, 927 So.2d 248, 249 (Fla. 2d DCA 2006). Therefore, we reverse the order on appeal insofar as it fails to address ground two and remand for the correction of the written sentence.
Affirmed in part, reversed in part, and remanded.
ALTENBERND, LaROSE, and SLEET, JJ., Concur.