NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

C.M.,                                           )
                                                )
        Appellant,                  )
                                                )
v.                                              )          Case No. 2D14-2521
                                                )
STATE OF FLORIDA,                               )
                                                )
        Appellee.                   )
_____)

Opinion filed July 15, 2015.

Appeal from the Circuit Court for
Hillsborough County; Debra K. Behnke,
Judge.

Howard L. Dimmig, II, Public Defender,
and Amanda V. Isaacs, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, for Appellee.

KHOUZAM, Judge.

        In this Anders[1] appeal, C.M. challenges the order finding that he

committed delinquent acts, withholding adjudication, and placing him on probation for

six months.  After a thorough review of the record, we have found no harmful,

_____

      [1]Anders v. California, 386 U.S. 738 (1967).

reversible error and affirm. But we remand for the trial court to correct a scrivener's error.

In the original disposition, the court orally announced a six-month probationary placement. However, the written order incorrectly states that C.M. was placed on probation indefinitely until his nineteenth birthday. While this appeal was pending, C.M. violated probation and the trial court placed him on probation indefinitely until his nineteenth birthday. The public defender argued that the discrepancy between C.M.'s orally pronounced and written dispositions was moot due to C.M.'s subsequent probation violation. We write to explain that this issue is not moot. In the event that C.M. is granted relief from an appeal of the violation of probation order or in postconviction proceedings, the record should be clear that he was originally placed on six months' probation. On remand, the trial court shall amend the order to reflect the orally pronounced placement. See W.S.G. v. State, 32 So. 3d 725, 726 (Fla. 2d DCA 2010) ("If a discrepancy exists between the written [disposition] and the oral pronouncement, the written [disposition] must be corrected to conform to the oral pronouncement." (quoting Guerra v. State, 927 So. 2d 248, 249 (Fla. 2d DCA 2006))).

Affirmed; remanded for correction of scrivener's error in judgment.


LaROSE and CRENSHAW, JJ., Concur.