NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

J.S., )
)
        Appellant, )
)
v. )    Case No. 2D15-5040
)
STATE OF FLORIDA, )
)
        Appellee. )
_____)

Opinion filed November 16, 2016.

Appeal from the Circuit Court for Polk
County; Mark Hofstad, Judge.

Howard L. Dimmig, II, Public Defender, and
Clark E. Green, Assistant Public Defender,
Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Ha Thu Dao, Assistant
Attorney General, Tampa, for Appellee.


PER CURIAM.

        J.S., a juvenile, timely appeals his disposition and continued probation in

several case numbers. We affirm in all respects but remand for the trial court to amend

the order of probation to conform to the oral pronouncement. See C.M. v. State, 170

So. 3d 855, 856 (Fla. 2d DCA 2015) ("If a discrepancy exists between the written

[disposition] and the oral pronouncement, the written [disposition] must be corrected to conform to the oral pronouncement." (alterations in original) (quoting W.S.G. v. State, 32 So. 3d 725, 726 (Fla. 2d DCA 2010))).

The court orally sentenced J.S. to a probationary period of either three years or until J.S.'s nineteenth birthday, whichever comes first. However, the written order of probation does not make clear that the probationary period must end when J.S. turns nineteen. See § 985.0301(5)(b)(1) (2015) (providing that the juvenile court shall retain jurisdiction over a child on probation until the court relinquishes jurisdiction or the child reaches nineteen years of age). Accordingly, the order of probation must be amended to conform to the orally imposed sentence.

Affirmed and remanded with instructions.

WALLACE, KHOUZAM, and CRENSHAW, JJ., Concur.