PER CURIAM.
J.S., a juvenile, timely appeals his disposition and continued probation in several case numbers. We affirm in all respects but remand for the trial court to amend the order of probation to conform to the oral pronouncement. See C.M. v. State, 170 So.3d 855, 856 (Fla. 2d DCA 2015) (“If a discrepancy exists between the written [disposition] and the oral pronouncement, the written [disposition] must be corrected to conform to the oral pronouncement.” (alterations in original) (quoting W.S.G. v. State, 32 So.3d 725, 726 (Fla. 2d DCA 2010))).
The court orally sentenced J.S. to a probationary period of either three years or until J.S.’s nineteenth birthday, whichever comes first. However, the written order of probation does not make clear that the probationary period must end *803 when J.S. turns nineteen. See § 985.0301(5)(b)(l) (2015) (providing that the juvenile court shall retain jurisdiction over a child on probation until the court relinquishes jurisdiction or the child reaches nineteen years of age). Accordingly, the order of probation must be amended to conform to the orally imposed sentence.
Affirmed and remanded with instructions.
WALLACE, KHOUZAM, and CRENSHAW, JJ., Concur.