# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D23-590
Lower Tribunal Nos. 20-1678F and 21-1567F

_____

JONATHAN WILLIAM ROWAN,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

Appeal from the Circuit Court for Charlotte County.
Scott Cupp, Judge.

April 5, 2024

BROWNLEE, J.

Appellant Jonathan William Rowan challenges the judgments and sentences entered against him in two separate cases, as well as the denial of his motion to correct sentence filed in case number 21-1567CF.[1] Because we agree with Appellant that the trial court erred in denying his motion, we reverse on that point. As to the other issues raised on appeal, we affirm without discussion.

---

[1] This case was transferred from the Second District Court of Appeal to this Court on January 1, 2023.

After Appellant was sentenced in case number 21-1567CF, he filed a motion to correct sentence pursuant to Florida Rule of Criminal Procedure 3.800(b)(2). Appellant explained that, at his sentencing hearing, the trial court sentenced him to time served on Count V, but the written sentencing order mistakenly reflects that he was sentenced to five years in the Department of Corrections on that count. As a result, Appellant asked the trial court to correct the written sentencing order to conform to the trial court's oral pronouncement. The trial court, however, did not rule on Appellant's motion within sixty days, and thus it was deemed denied. *See* Fla. R. Crim. P. 3.800(b)(2)(B) ("[I]f the trial court does not file an order ruling on the motion within 60 days, the motion shall be deemed denied.").

Appellant is correct that, at his sentencing hearing, the trial court adjudicated him guilty on Count V and then sentenced him to "credit for time served." But the written sentencing order reflects something different. It groups Counts I through V together and then states that Appellant is sentenced to a five-year term of imprisonment on each of those counts, to run concurrently. Accordingly, Appellant is correct that there is a discrepancy between the oral pronouncement and the written sentence. And, when such a discrepancy exists, "the written sentence must be corrected to conform to the oral pronouncement." *Guerra v. State*, 927 So. 2d 248, 249 (Fla. 2d DCA 2006); *see Williams v. State*, 957 So. 2d 600, 603 (Fla. 2007) ("This Court has held that a court's oral pronouncement of a sentence controls over

2

the written sentencing document."). Thus, as the State commendably concedes, the written sentencing order here must be corrected to conform to the trial court's oral pronouncement.

We, therefore, reverse the denial of the motion to correct sentence and remand for the trial court to correct the written sentencing order. We affirm, however, the judgments and sentences imposed orally by the trial court.

AFFIRMED in part; REVERSED in part; and REMANDED with instructions.

NARDELLA and GANNAM, JJ., concur.


Howard L. "Rex" Dimmig, II, Public Defender, and Kevin Briggs, Assistant Public Defender, Bartow, for Appellant.

Ashley Moody, Attorney General, Tallahassee, and Taylor A. Schell, Assistant Attorney General, Tampa, for Appellee.


NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED